**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Roy ROBINSON, Defendant–
Appellant.**

**No. 89–10439.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1991.

Decided March 2, 1992.

Robert J. Nelson, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Jeffrey W. Lawrence, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.

POOLE, Circuit Judge:

## OVERVIEW

Defendant-appellant John Roy Robinson appeals his sentence following a guilty plea to one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Robinson

argues that application of the Federal Sentencing Guidelines, which had been declared unconstitutional by this court at the time of his offense, is a violation of the Due Process and *Ex Post Facto* Clauses of the Constitution. Robinson also alleges error in the district court's denial of a two offense-level reduction for acceptance of responsibility, and in its refusal to depart downward due to his psychological problems. We now affirm.

## FACTS AND PROCEEDINGS

On December 16, 1988, John Roy Robinson robbed the Wells Fargo Bank at 1750 Divisadero Street in San Francisco. He was apprehended by San Francisco police following a short foot chase. Subsequent to his arrest, appellant was placed in a safety cell due to his "bizarre behavior." Appellant was later taken to the Psychiatric Ward of San Francisco General Hospital, where he was under observation for six days. At the time of the robbery, Robinson had been residing at a halfway house, having been released from custody on a prior felony conviction for two counts of bank robbery.

On January 11, 1989, appellant was indicted by a grand jury on two counts of bank robbery under 18 U.S.C. § 2113(a). On February 14, 1989, appellant filed a pretrial motion seeking a ruling that the pre-Guidelines system of sentencing should be applied to his case. At the time of the offenses for which Robinson had been indicted, the Guidelines had been ruled unconstitutional by this court in *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.), *vacated sub nom. United States v. Chavez–Sanchez*, 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989). On January 18, 1989, however, the Supreme Court in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) declared the Guidelines constitutional, thus effectively overruling *Gubiensio–Ortiz*. The district court denied appellant's motion on the grounds that he had fair warning that his conduct would give rise to criminal penalties, and because *Gubiensio–Ortiz* was far from settled law.

On April 20, 1989, Robinson pleaded guilty to the Wells Fargo robbery. In exchange for the plea, the other count of the indictment charging a November 26, 1988 robbery of the Home Savings Bank was dismissed. Appellant then filed a sentencing memorandum arguing, *inter alia*, that he was entitled to a two offense level reduction for acceptance of responsibility, and that a downward departure was warranted by his severe psychological problems. At sentencing on August 31, 1989, the district court rejected both these contentions, holding that the two offense level reduction for acceptance of responsibility was inapplicable to career offenders. The court also found that a downward departure was not warranted since the defendant committed the offense while under the influence of drugs, because of his long criminal history, and because the defendant was unlikely to become a productive citizen. The court did, however, impose the lowest sentence available under the applicable Guidelines range of 210 to 262 months.

## DISCUSSION

### I. CONSTITUTIONALITY OF THE SENTENCING GUIDELINES

■ We review *de novo* the constitutionality of the Sentencing Guidelines. *United States v. Litteral*, 910 F.2d 547, 551 (9th Cir.1990). We have repeatedly held the Sentencing Guidelines apply retroactively to the time period between our decision in *Gubiensio–Ortiz* and the Supreme Court's decision in *Mistretta*. *See e.g. United States v. Gonzalez–Sandoval*, 894 F.2d 1043, 1052 (9th Cir.1990); *United States v. Kane*, 876 F.2d 734, 736 (9th Cir.), *cert. denied*, 493 U.S. 861, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989); *United States v. Ramos*, 923 F.2d 1346, 1358 (9th Cir.1991); *Litteral*, 910 F.2d at 553.

Appellant argues that these cases were decided under the Due Process Clause, rather than under the *Ex Post Facto* Clause. In the alternative, Robinson argues that even under Due Process analysis the Guidelines are unconstitutional as applied to him because they lead to "substantial inequitable results."

■ Appellant's argument that the retroactive application of *Mistretta* should be analyzed under the *Ex Post Facto* Clause is simply mistaken.[1] As the Supreme Court observed in *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977), "the *Ex Post Facto* Clause is a limitation upon the powers of the Legislature ... and does not of its own force apply to the Judicial Branch of government." *See also United States v. Ruiz*, 935 F.2d 1033, 1035 (9th Cir.1991). In analyzing Robinson's claims under the Due Process Clause, we must consider:

1. Whether the judicial decision establishes a new principle of law;

2. Whether retroactive application will further or retard the purposes of the rule in question; and

3. Whether applying the new decision will produce substantial inequitable results.

*See Barina v. Gulf Trading and Transp. Co.*, 726 F.2d 560, 563 (9th Cir.1984). Robinson contests only the third part of this test.[2] He relies on this Court's decision in *Gonzalez–Sandoval* to argue that under the old law he would have been eligible for parole some seven years sooner, and, therefore, sentencing him under the new Guidelines has substantially increased his penalties; and therefore he has suffered a substantially inequitable result.[3]

■ It is true that in *Gonzalez–Sandoval* this court considered the lack of disparity in the sentences imposed before and after the Guidelines in determining that there was no inequity in the retroactive application of *Mistretta*. 894 F.2d at 1053. Of more significance, however, was the notice implied in the Supreme Court's certification of *Mistretta*. *Id.* As we held in *Ramos*, "[t]his notice removes the possibility" of a substantial inequity. 923 F.2d at 1358.[4]

Because Robinson, at the time he committed his crime, was on notice that the Sentencing Guidelines might be held applicable to him, we hold that there was no substantial inequitable result in sentencing him under the Guidelines.

## II. ACCEPTANCE OF RESPONSIBILITY BY CAREER OFFENDERS

■ We review construction of the Sentencing Guidelines *de novo*. *United States v. Mooneyham*, 938 F.2d 139, 140 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991). This Court has previously rejected the argument

---

1. This court does, however, "recognize[ ] that the principle of fair warning implicit in the *ex post facto* prohibition requires that judicial decisions interpreting existing law must have been foreseeable." *Holguin v. Raines*, 695 F.2d 372, 374 (9th Cir.), *cert. denied*, 464 U.S. 896, 104 S.Ct. 246, 78 L.Ed.2d 235 (1983). The foreseeability of a judicial decision is a factor we consider in the course of analyzing retroactivity under the Due Process Clause.

2. There can be little question any more as to whether the retroactive application of *Mistretta* satisfies the first two steps of this analysis. *See Kane*, 876 F.2d at 736.

3. Robinson's argument relies on a slightly erroneous statement of the test applicable to retroactive application of judicial decisions under the Due Process Clause. *Kane*, in applying the Due Process analysis to the retroactivity of the *Mistretta* decision, actually misquoted *Barina v. Gulf Trading and Transp. Co.*, 726 F.2d 560, 563 (9th Cir.1984), which followed the test as set forth by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). *See Kane*, 876 F.2d at 736. Thus, in the line of cases following *Kane*,

this Court has determined whether retroactive application will produce "*substantially* inequitable results," rather than looking for "*substantial* inequitable results." This inadvertent error could conceivably alter the outcome of a case by testing whether the result is substantially inequitable rather than whether it is substantial and inequitable. In this case, for example, the result of retroactive application of *Mistretta* could arguably result in a substantially (i.e. greatly) inequitable sentence as compared to the sentence Robinson would have received had he been sentenced under pre-Guideline law. It does not, however, work a substantial inequity, since Robinson was on notice of the potential applicability of the sentencing guidelines. This notice is one of those "legitimate fictions" on which our law depends. *See* Jacques Derrida, *Force of Law: The "Mystical Foundation of Authority"*, 11 Cardozo L.Rev. 919, 939 (1990).

4. Moreover, *Gubiensio–Ortiz* was itself far from settled law. The Supreme Court had been asked to grant certiorari in that case before Robinson committed his offense. Certiorari was ultimately granted, and *Gubiensio–Ortiz* was vacated. *United States v. Chavez–Sanchez*, 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989).

that career offenders were entitled to a two point reduction for acceptance of responsibility under Guidelines as they existed at the time of appellant's sentencing. *United States v. Summers*, 895 F.2d 615, 617–618 (9th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 389, 112 L.Ed.2d 399 (1990). Robinson argues for the retroactive application of an amendment to § 4B1.1, which now permits such reduction for career offenders. He contends that this amendment should be held to constitute a clarification of the Sentencing Commission's previous intent that career offenders be entitled to the reduction for acceptance of responsibility. We have squarely rejected that argument. *Mooneyham*, 938 F.2d at 140.

■ Under 18 U.S.C. § 3553(a)(4) and (5), the Guidelines to be applied by the sentencing court are those that "are in effect on the date the defendant is sentenced." *Summers* was the law in effect at the time of application; there was thus no error in the district court's refusal to grant the two point reduction.

## III. DOWNWARD DEPARTURE FOR SEVERE PSYCHOLOGICAL PROBLEMS

■ This court has no jurisdiction to review a sentencing court's refusal to depart downward as long as the court in fact exercised its discretion. *United States v. Zweber*, 913 F.2d 705, 707 (9th Cir.1990); *United States v. Sanchez*, 914 F.2d 1355, 1363 (9th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991). There is no indication in the record that the sentencing court's refusal to depart downward was anything but discretionary. The court entertained briefs and oral arguments on the appropriateness of a downward departure, and concluded that under the circumstances a downward sentencing departure was "not warranted." Since the district court was exercising its discretion in refusing the departure, we have no jurisdiction over this issue.

## CONCLUSION

The appeal of the sentencing court's refusal to depart downward is DISMISSED for lack of jurisdiction. The sentence is AFFIRMED.