972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip JOHNSON, Defendant-Appellant.
 No. 91-30139.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided July 31, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip Johnson pled guilty to distributing more than five grams of cocaine base. He did so after our decision in Gubienso-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), in which we declared the Sentencing Reform Act of 1984 unconstitutional, but before the Supreme Court held the Act constitutional in Mistretta v. United States, 488 U.S. 361 (1989). The district court sentenced Johnson after Mistretta was decided, and, in doing so, it applied the Sentencing Guidelines retroactively. As a result, Johnson was subjected to the Guidelines' less favorable good time provisions. Johnson contends that the district court erred. We affirm.
 
 
 3
 Our decision is controlled by United States v. Turner, 898 F.2d 705 (9th Cir.), cert. denied, 495 U.S. 962 (1990). Turner's plea and sentencing followed a chronology similar to Johnson's. Id. at 708-09. We held that this chronology did not warrant the application of the more favorable good time provisions available prior to the Sentencing Reform Act. Id. at 709.
 
 
 4
 Johnson contends that under United States v. Gonzalez-Sandoval, 894 F.2d 1043 (9th Cir.1990), we must proceed on a case-by-case basis to determine whether retroactive application of the Guidelines produces a substantially inequitable result.
 
 
 5
 Even if we were to agree, Johnson could not prevail. The Gonzalez-Sandoval court specifically held that "the Guidelines remained a legally enacted statutory sentencing scheme throughout" the period between the Gubienso-Ortiz and Mistretta decisions. Id. at 1053. When Gubienso-Ortiz was decided, the Guidelines were part of a properly enacted statutory scheme of which Johnson had notice. Id. Johnson, moreover, was on notice that the Supreme Court had granted certiorari in Mistretta and might overrule Gubienso-Ortiz. Id. These factors compel the conclusion that retroactive application of the Guidelines has not produced a substantially inequitable result, even though Johnson is thereby deprived of more favorable good time treatment. See also United States v. Robinson, 958 F.2d 268, 271 (9th Cir.1992) (acknowledging sentencing disparity but holding that notice implied by certification of Mistretta removes possibility of substantial inequity).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3