977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee RACINOWSKI, Defendant-Appellant.
 No. 92-50179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Racinowski appeals his sentence under the United States Sentencing Guidelines ("Guidelines"), imposed following a guilty plea, for escape from the custody of the Attorney General in violation of 18 U.S.C. § 751. Racinowski contends that the district court erred by applying the Guidelines in effect at the time of the offense rather than those in effect on the date of sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). A district court applies the Guidelines that " 'are in effect on the date the defendant is sentenced.' " United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992) (quoting 18 U.S.C. § 3553(a)(4) and (5)).
 
 
 4
 The facts are undisputed. On October 13, 1989, Racinowski was declared an escapee from the Metropolitan Detention Center. On June 17, 1991, United States Marshals arrested Racinowski. On February 24, 1992, the district imposed a sentence of 24 months imprisonment. At sentencing, the district court relied on the 1987 version of U.S.S.G. § 2P1.1 instead of the 1991 version. The latter version allows a 4-level reduction in the base offense level "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility." U.S.S.G. § 2P1.1 (1991). The district court did not consider whether Racinowski deserved the reduction.
 
 
 5
 The government concedes that the district court applied the wrong version of the Guidelines. We agree. Therefore, we vacate the sentence and remand the case for resentencing. The district court is instructed to sentence Racinowski pursuant to U.S.S.G. § 2P1.1 (1991) and determine whether a 4-level reduction is warranted.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3