979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Francis BROWN, Defendant-Appellant.
 No. 92-30039.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 20, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Francis Brown appeals his sentence imposed under the United States Sentencing Guidelines following entry of a guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Brown contends the district court erred by refusing to depart downward from the applicable Guidelines range. We dismiss the appeal.
 
 
 3
 A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 4
 At sentencing, Brown argued that the district court should depart downward based upon a "unique" combination of factors including (1) the fact that, as the seller, the government established the amount of cocaine involved in the instant transaction and this had an effect on the applicable sentencing range under the Guidelines, and (2) the disparate sentences received by him and an allegedly equally culpable codefendant. The district court found that the amount of cocaine involved in the transaction had already been established before Brown became involved in the transaction and that departure on this basis was unwarranted.
 
 
 5
 In addition, the district court found that the fact that his codefendant might have received a lesser sentence in this instance did not justify a downward departure in Brown's case because of Brown's involvement in previous kilogram quantity cocaine transactions. Moreover, we have previously held that a district court may not depart downward to equalize sentencing treatment of codefendants. See United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (downward departure impermissible even where codefendant who received lesser sentence may have been more culpable), cert. denied, 112 S.Ct.1983 (1992).
 
 
 6
 The district court exercised its discretion in refusing Brown's request for a downward departure and, therefore, we have no jurisdiction over this issue. See Robinson, 958 F.2d at 272.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3