988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Patrick COOK, Defendant-Appellant.
 No. 92-10318.
 
 Ninth Circuit.
 Feb. 24, 1993.
 Appeal from the United States District Court for the Eastern District of California; No. CR-89-00152-EDP, Edward D. Price, District Judge, Presiding.
 E.D.Cal. [APPEAL AFTER REMAND FROM 938 F.2d 149.]
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Cook appeals his sentence for possession of ephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). In a previous appeal, we remanded for resentencing because the district court had erroneously believed that it lacked discretion to depart downward from the Guidelines. United States v. Cook, 938 F.2d 149 (9th Cir.1991). Cook argues that the district court's failure to depart downward on resentencing indicated a continued refusal to exercise its discretion.
 
 
 3
 A district court's discretionary refusal to grant a downward departure is not reviewable on appeal. United States v. Morales, 878 F.2d 99, 103 (9th Cir.1990). We will only review a failure to depart downward if the district court believed that it lacked authority to depart. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). A sentencing court is not required to state expressly on the record that it has exercised discretion in refusing a defendant's request for downward departure, nor is it required to state its reasons for denying the departure. See 18 U.S.C. § 3553(c) (1988); United States v. Georgiadis, 933 F.2d 1219, 1222-23 (3rd Cir.1991).
 
 
 4
 It is abundantly clear from a review of the record that the district court's refusal to grant Cook a downward departure on resentencing was in fact an exercise of its discretion. Prior to the resentencing hearing, Cook filed objections to the presentence report in which he requested a downward departure, as well as two psychiatric evaluations in support of his request. The Probation Office filed a supplemental memorandum specifically considering and rejecting Cook's request for a departure. At the hearing, Cook's counsel argued extensively for a downward departure, and the government urged that the court follow the recommendation of the Probation Office. The court adopted the Probation Office's recommendation, rejected Cook's request for departure, and imposed a sentence of 63 months.[1] Based on the extensive discussion of departure in the record and this court's previous direction to the district court to exercise its discretion in this case, it is unquestionable that the court was aware of its power to depart but chose to exercise its discretion not to do so. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992) ("There is no indication in the record that the sentencing court's refusal to depart downward was anything but discretionary."). We therefore have no jurisdiction over this issue.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and 9th Cir.R. 34-4. Accordingly, we deny Cook's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 When Cook was initially sentenced on June 18, 1990, no section of the Guidelines addressed violations of 21 U.S.C. § 841(d), and the court used § 2D1.1 and the Drug Equivalency Tables to calculate Cook's sentence. Because the resulting sentence was in excess of the statutory maximum for the offense, the court sentenced Cook to the statutory maximum of 120 months. By the time of resentencing on May 4, 1992, the Commission had added § 2D1.11, specifically addressing violations of 21 U.S.C. § 841(d). Applying this new guideline, the court calculated Cook's sentencing range at 63-78 months and imposed a sentence of 63 months. Thus on resentencing the defendant received a substantially lower sentence than had originally been imposed, even in the absence of a departure
 
 
 [2]
 In his reply brief, Cook also argues that the district court violated the written findings requirement of Fed.R.Crim.P. 32(c)(3)(D)(ii). We will not consider issues raised for the first time in a reply brief. United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)