995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex KOPEIKIN, Defendant-Appellant.
 No. 92-30326.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alex Kopeikin appeals his sentence of 21 months imprisonment and two years supervised release, which the district court imposed after he pled guilty to possession of unregistered firearms in violation of 26 U.S.C. §§ 5841 and 5861. Kopeikin challenges the district court's denial of his request for a downward departure from the applicable sentencing guidelines. We reject his contentions and therefore dismiss this appeal.
 
 
 3
 Kopeikin argues that it is not clear whether the district court believed it had no authority to depart downward or whether it exercised its discretion not to depart. He also argues that even if the district court did exercise its discretion, it did so only with respect to one of eight proposed grounds for departure and failed to address the others.
 
 
 4
 After granting a continuance in Kopeikin's sentencing proceedings to permit him to propose possible grounds for downward departure, the district court stated the following:
 
 
 5
 I have studied all of these matters and while I think that under a combination of circumstances I might be able to find something that would comfort me in the area of departure, I haven't been able to put it together to my satisfaction where I would be departing for a reason that would be acceptable by the guidelines. Or if so, in my discretion I am going to deny the departure.
 
 
 6
 (Emphasis added.)
 
 
 7
 We have previously held similar, and even slightly ambiguous, remarks to constitute sufficient expression of a district court's decision to exercise its discretion not to depart. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992); United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). More to the point, we have specifically sanctioned statements in the alternative, by which a district court that doubts its authority to depart downward may properly state that even if it had authority to depart it would not do so. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). Though the district court's statement quoted above may indicate that the court was unsure of its authority to depart from the sentencing guidelines, the underlined sentence clearly constitutes a discretionary refusal to depart.
 
 
 8
 Kopeikin has failed to provide any support for his argument that the district court was required to specifically address and state its decision as to each proposed ground for downward departure. Prior cases indicate that even where multiple grounds have been proposed a simple statement by the district court that it is exercising its discretion not to depart suffices. See Belden, 957 F.2d at 676. Moreover, as the government points out in its brief, the fact that the district court expressly addressed the combination of circumstances proposed as providing grounds for departure indicates that the court necessarily considered each of the constituent circumstances.
 
 
 9
 We conclude that the district court unambiguously exercised its discretion to deny Kopeikin's departure request. A district court's discretionary refusal to depart downward is not subject to review on appeal. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). According, we dismiss this appeal.
 
 
 10
 APPEAL DISMISSED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3