999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Scott SIMPSON, Defendant-Appellant.
 No. 91-30058.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Scott Simpson appeals from his 13-month sentence after a guilty plea to unlawful acquisition of a firearm while under indictment for a felony in violation of 18 U.S.C. § 922(n). Simpson contends that the district court erred by: (1) failing to make findings pursuant to Fed.R.Crim.P. 32(c)(3)(D) regarding each controverted matter in the presentence report (PSR); (2) relying on materially false information in the PSR to determine the sentence in violation of his due process rights; (3) ordering mental health and substance abuse counseling as conditions of supervised release; and (4) refusing to depart downward from the applicable Guidelines range. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 * Rule 32
 
 
 4
 Under Rule 32, if a defendant disputes factual statements in the PSR, the district court is required to either make "(i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D); accord United States v. Helmy, 951 F.2d 988, 997-98 (9th Cir.1991), cert. denied, 112 S.Ct. 2287 (1992); United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 
 5
 Pursuant to a negotiated plea agreement, Simpson agreed to plead guilty to the information. In exchange, the government agreed, among other things, to dismiss a 1988 indictment pertaining to Simpson's alleged role in a drug operation and not to file any additional charges relating to the alleged 1988 offense.
 
 
 6
 At sentencing, Simpson disputed a number of factual statements in the PSR concerning, among other things, the inclusion of two prior convictions in his criminal history calculation, alleged misconduct during pretrial detention in a halfway house, and his actions in the 1988 drug offense. The district court addressed the criminal history calculations which Simpson conceded were either correct or irrelevant because the criminal history category would remain unchanged. The district court then stated that it was not relying on any information regarding alleged misconduct in the halfway house or any unproven, uncharged conduct related to the 1988 drug offense in imposing a sentence.
 
 
 7
 The government contends that the district court complied with Rule 32. We agree. On the record before us, we conclude that the district court complied with the requirements of Rule 32. See Helmy, 951 F.2d at 998; Houtchens, 926 F.2d at 828.
 
 II
 Conditions of Supervised Release
 
 8
 Simpson argues that the district court erred by ordering mental health and substance abuse counseling as conditions of his supervised release because they were not reasonably related to the nature and circumstances of the offense and his history and characteristics as required by 18 U.S.C. § 3553(a)(1). These arguments lack merit.
 
 
 9
 We review for abuse of discretion conditions of supervised release.[1] United States v. Clark, 918 F.2d 843, 847 (9th Cir.1990) (probation). The district court has broad discretion in setting supervised release conditions. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 10
 Here, the district court ordered Simpson to participate in a substance abuse treatment program, if requested by the probation officer and a mental health treatment program as approved by the probation officer. There is no error. Because Simpson's criminal history contained a 1985 no contest plea to marijuana possession, the substance abuse condition was reasonable to determine whether Simpson had reverted to the use of drugs. See 18 U.S.C. § 3553(a)(1); U.S.S.G. § 5B1.4(b)(23). Regarding the mental health counseling, the district court stated "I sense that you do suffer an instability. You cry easily. You are disturbed easily. You see--I think you are quite paranoid in a lot of your attitudes towards other people that you think are out to get you who are in fact not." Thus, the district court found that Simpson's characteristics indicated a need for mental health counseling. See 18 U.S.C. § 3553(a)(1); U.S.S.G. § 5B1.4(b)(24). Because the conditions of supervised release were related to Simpson's criminal history and characteristics, they were not outside the district court's broad discretion. See Bolinger, 940 F.2d at 478.
 
 III
 Downward Departure
 
 11
 Simpson argues that the district court erred by relying on improper and contested allegations related to the uncharged 1988 offense in refusing to depart downward.
 
 
 12
 A district court's discretionary refusal to depart downward form the Guidelines is not reviewable on appeal. United States v. Robinson, 958 F.2d 268, 272.
 
 Here, the district court stated:
 
 13
 [W]hat I have before me is a person who has a relatively minor record, ... who has acknowledged guilt for this offense [of conviction], and so I'm not going to depart. There's no--the guidelines were set to take care of this offense. And there's no reason for me to depart at all.
 
 
 14
 After imposing the sentence, the district court further stated "I just want to make the record clear, if anybody is--appellate court is reviewing this case, I want to make sure that they did not assume that I was taking into consideration uncharged misconduct in setting my sentence."
 
 
 15
 To the extent that Simpson argues that the district court erred by failing to adequately state its reasons for refusing to depart downward, we reject the argument. Simpson failed to request a more definitive ruing and the record does not reflect any confusion on anyone's part regarding the district court's decision. See, e.g., United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990).
 
 
 16
 We conclude that the district court properly exercised its discretion by finding that no circumstances related to the offense of conviction warranted a downward departure. See Robinson, 958 F.2d at 272. Therefore, we lack jurisdiction to review Simpson's request for a downward departure.[2] See id.
 
 
 17
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the Guidelines, conditions of supervised release and probation are treated alike. See U.S.S.G. § 5B1.4
 
 
 [2]
 Based upon our holding that the district court did not rely on materially false or unreliable information in either determining the sentence or refusing to depart downward, we need not address Simpson's due process argument