8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dion Anthony MATTHEW, Defendant-Appellant.
 No. 93-30106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dion Anthony Matthew appeals his 87-month sentence imposed following his guilty plea to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Matthew contends that the district court erroneously interpreted and applied the Sentencing Guidelines in its refusal to depart downward from the applicable Guidelines range. We dismiss the appeal.
 
 
 3
 "This court has no jurisdiction to review a sentencing court's refusal to depart downward as long as the court in fact exercised its discretion." United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 4
 Here, Matthew requested a downward departure from the applicable Guidelines range for diminished capacity pursuant to U.S.S.G. § 5K2.13. After reviewing the presentence report and supporting material provided by Matthew the district court clearly stated that although it had the discretion to depart downward, the facts did not warrant such a departure in this instance. Accordingly, we lack jurisdiction to review the district court's decision. See Robinson, 958 F.2d at 272.[1]
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Matthew's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Matthew challenges the district court's consideration of two factual conclusions in the presentence report. First that Matthew intimidated someone at a halfway house, and second that Matthew made certain threatening statements concerning an informant to police at the time of Matthew's arrest. Because Matthew failed to challenge these factual conclusions in the district court, we do not consider them on appeal. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990)