19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Eduardo REYES-MOGOLLON, Defendant-Appellant.
 No. 92-50674.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1994.
Decided March 15, 1994.
 
 Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellant, Luis Eduardo Reyes-Mogollon, appeals his conviction of one count of importing marijuana, in violation of 21 U.S.C. Secs. 952 and 960, and one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He also appeals his fifty-one month prison sentence. He claims; (1) that the trial court denied him a fair trial, and (2) that the trial court should have reduced his Criminal History from category II to category I. We have jurisdiction under 28 U.S.C. Sec. 1291. We AFFIRM.
 
 BACKGROUND
 
 3
 Customs agents arrested Mr. Reyes-Mogollon at the United States/Mexico border after they discovered 177 pounds of marijuana hidden in the roof of the camper shell of the pickup truck he was driving from Mexico.
 
 
 4
 At trial, Mr. Reyes-Mogollon offered to prove that he was unaware that the truck he was driving was carrying drugs, a so-called "blind mule" defense. Defense counsel alleged that Mr. Reyes-Mogollon had traveled to Mexico with another man, Fernando Reyes, and that this other man had given him the keys to the truck containing marijuana. Mr. Reyes-Mogollon obtained a subpoena to compel Mr. Reyes' testimony about these facts.
 
 
 5
 But on the day of the trial, at the government's suggestion, the trial judge warned Mr. Reyes that his testimony could cause him to be arrested. The judge recommended that he seek the advice of counsel before testifying. After conferring with counsel, Reyes invoked his Fifth Amendment right against self-incrimination and refused to testify absent a grant of use immunity. When the prosecution refused to immunize Mr. Reyes, the trial judge quashed Appellant's subpoena of Reyes. Nonetheless, Mr. Reyes-Mogollon maintained his blind mule defense and was convicted in a jury trial.
 
 
 6
 Appellant's Presentence Report classified his Criminal History as category II. Defense counsel objected on the grounds that category II over-represented Mr. Reyes-Mogollon's criminal past. Mr. Reyes-Mogollon had been convicted of two previous misdemeanors five to six years before this incident. The first conviction was for petty theft and the second was for possession, manufacturing and selling of a dangerous weapon. Defense counsel argued that these prior offenses over-represented Reyes-Mogollon's criminal history because they were not indicative of his likelihood of recidivism and they overstated the severity of his criminal past. The trial judge endorsed the category II designation stating that "the guideline grid is reasonable and appropriate in this case."
 
 ANALYSIS
 
 7
 A. Fair trial and quashing the subpoena.
 
 
 8
 Appellant contends that the trial court's decision to quash the subpoena prevented him from presenting Mr. Reyes as a witness, thereby denying him a fair trial. We review a trial court's decision to quash a subpoena for abuse of discretion. In re California Pub. Util. Comm'n, 892 F.2d 778, 780 (9th Cir.1989).
 
 
 9
 A criminal defendant's Sixth Amendment right to call and question witnesses is not an absolute right, but rather is limited by the witness's right to invoke the Fifth Amendment protection against self-incrimination. United States v. Paris, 827 F.2d 395, 399 (9th Cir.1987). Where a witness invokes the Fifth Amendment, the prosecution is empowered to grant use immunity and thereby compel the witness to testify. United States v. Brutzman, 731 F.2d 1449, 1451-52 (9th Cir.1984). But as a general rule criminal defendants have no Sixth Amendment right to compel the government to grant use immunity to a potential witness who claims Fifth Amendment protection. United States v. Baker, 10 F.3d 1374, 1414 (9th Cir.1993).
 
 
 10
 We have recognized an exception to this general rule where the government commits prosecutorial misconduct and intentionally distorts the fact-finding process, and thereby denies the defendant a fair trial. Id. We have found prosecutorial misconduct (1) where the prosecution immunized its witnesses while at the same time denying immunity to defendant's witnesses, United States v. Westerdahl, 945 F.2d 1083, 1087 (9th Cir.1991), or (2) where the prosecution affirmatively induced the witness to invoke the Fifth Amendment. United States v. Montoya, 945 F.2d 1068, 1078 (9th Cir.1991). If the trial court determines that such misconduct occurred, then the court must acquit the defendant unless the prosecution agrees to grant use immunity. United States v. Lord, 711 F.2d 887, 891-92 (9th Cir.1983).
 
 
 11
 In the case at bar, the record does not reflect any misconduct by the prosecutor. First, there is no indication that the prosecution offered immunity to any of its own witnesses. Second, the prosecution did not induce the witness to invoke the Fifth Amendment. Rather, at a side bar conference, the prosecutor informed the court that the witness was the man from whom the defendant claimed he received the keys to the truck. The judge then properly explained to the witness that he risked being charged if he testified and referred the witness to a magistrate for the appointment of counsel. It was court appointed counsel who advised the witness to invoke his Fifth Amendment protections. This does not amount to prosecutorial misconduct.[1]
 
 
 12
 Finally, we are left with the question as to whether the trial judge abused his discretion by quashing Appellant's subpoena of Mr. Reyes. Given that Mr. Reyes exercised his constitutional right not to testify, the trial judge properly quashed the subpoena. See United States v. Berberian, 767 F.2d 1324, 1327 (9th Cir.1985) (trial judge properly decided to quash the subpoena of a witness who indicated that he would exercise his Fifth Amendment protection against self-incrimination). As discussed above, this did not offend Appellant's constitutional rights; therefore, the trial court did not abuse its discretion.
 
 
 13
 B. Application of the sentencing guidelines.
 
 
 14
 Appellant next argues that his Criminal History was overrepresented and that the trial court erred by not downgrading it from category II to category I. We lack jurisdiction to review a sentencing judge's refusal to depart downward from the Sentencing Guidelines unless the judge failed to exercise discretion. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 15
 Here, the sentencing judge considered Appellant's request for a downward departure, and denied Appellant's request to downward depart and to set the Criminal History category at a lower range than set out in the presentence report. "I think the guideline grid is reasonable and appropriate in this case." E.R. at 37. This language indicates that the trial judge understood that he had discretion to depart downward and that he exercised his discretion by declining to do so. We therefore have no jurisdiction to review his decision.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant makes the meritless claim that the trial court erred by advising Mr. Reyes that he could be charged if he testified and by referring him to magistrate appointed counsel. To support this argument, Appellant analogizes to Webb v. Texas, 409 U.S. 95 (1972) to demonstrate egregious judicial conduct toward potential witnesses. This reference is seriously flawed, however. In Webb the trial court judge accused a potential witness of planning to commit perjury, and then the court threatened the witness with a long jail term if, in fact, he did perjure himself. While in the case at bar, the trial judge correctly advised the witness of his Fifth Amendment right and suggested that the witness seek the advice of counsel. This hardly smacks of the threatening demeanor employed by the trial court in Webb