29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Jesus ORCI-DOMINGUEZ, Defendant-Appellant.
 No. 93-10406.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Jesus Orci-Dominguez appeals his conviction and 121-month sentence, imposed following a jury trial, for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Orci-Dominguez contends the district court erred by denying (1) his motion to suppress both evidence and statements obtained following an allegedly illegal arrest and (2) his request for a downward departure based on his mistaken belief that he was transporting marijuana rather than cocaine. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and dismiss in part.
 
 
 3
 * Motion to Suppress
 
 
 4
 Orci-Dominguez contends that agents of the United States Border Patrol were without probable cause to arrest him at the time that he was handcuffed and placed in a Border Patrol vehicle. We reject this argument.[1]
 
 
 5
 We review de novo the district court's determination of the legality of an arrest, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. Tarazon, 989 F.2d 1045, 1048 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993).
 
 
 6
 A warrantless arrest must be supported by probable cause. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990); United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 7
 "The test for probable cause is whether 'facts and circumstances within the officer's knowledge [ ...] are sufficient to warrant a prudent person, or one of reasonable caution, [to believe], in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.' " United States v. Smith, 802 F.2d 1119, 1123 (9th Cir.1986) (quoting Michigan v. De Fillippo, 443 U.S. 31, 37 (1979)); see also Del Vizo, 918 F.2d at 825. Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause. Hoyos, 892 F.2d at 1392. Thus, seemingly innocent conduct may provide the basis for probable cause when viewed in light of all of the information known at the time of the arrest. United States v. Rodriguez, 869 F.2d 479, 483 (9th Cir.1989).
 
 
 8
 Border Patrol Agents Gracie Mata and Rene Mares were the only witnesses presented at the suppression hearing. Agent Mata testified that she received reports of electronic sensor activity along the international border with Mexico at about 6:00 p.m. in the evening. The sensor activity indicated foot traffic crossing the border near Short Street in Nogales, Arizona. Agent Mata immediately went to an observation point about 300 yards from Short Street, where--using binoculars--she saw five individuals. These people appeared to be acting as lookouts, two were standing at one intersection along Short Street and three were standing at the next intersection, about fifty yards away, all were looking down the connecting streets.
 
 
 9
 Agent Mata then received another report of sensor activity which indicated more foot traffic coming over the border in the Short Street area. Almost immediately, she saw six individuals carrying bags and walking parallel to the border on the United States side. These people walked towards the back of some apartments off of Short Street. A few moments later, a two-tone four-wheel-drive truck with a new-car sticker on the back window entered onto Short Street, drove to the end of Short Street, made a u-turn and stopped in front of some apartments. Agent Mata then saw the same six individuals she had just seen carrying bags place some bags in the back of the truck. The truck drove off.
 
 
 10
 Agent Mares, to whom Agent Mata had been relaying all of her observations, stopped a vehicle matching Agent Mata's description and driving exactly where Agent Mata said it would be, as soon as he saw it. Agent Mares stated that he suspected that the vehicle was carrying drugs for a big organization or was carrying "something serious" because it was a new truck, and not the type of older truck used by most narcotics traffickers. When the truck stopped in response to his emergency lights, Agent Mares drew his weapon and approached the driver, Orci-Dominguez. He ordered Orci-Dominguez out, handcuffed him, and placed him in the back of his patrol car.
 
 
 11
 Only after securing Orci-Dominguez did Agent Mares look in the back of the truck and observe bags which appeared to contain packages consistent with kilogram quantities of cocaine. The bags were later determined to contain approximately 244 pounds of cocaine. Agent Mata joined Agent Mares and the two transported Orci-Dominguez and the contraband back to the Border Patrol station where they read him his rights. Orci-Dominguez waived those rights and made incriminating statements to the effect that he was paid $3,000 to transport the narcotics.
 
 
 12
 Even absent Agent Mares' observation of the bags stowed in the truck, the facts known to Agents Mares and Mata at the time of Orci-Dominguez's initial detention were sufficient for the agents to have probable cause to arrest the driver of the truck for engaging in the transport of contraband smuggled over the border from Mexico. Accordingly, the district court did not err by denying Orci-Dominguez's motion to suppress evidence resulting from the stop of the truck he was driving. See Del Vizo, 918 F.2d at 827 (pattern of activity consistent with participation in drug trafficking sufficient basis for probable cause to arrest); Hoyos, 892 F.2d at 1393 (same); Rodriguez, 869 F.2d at 483 (pattern of activity consistent with participation in drug trafficking sufficient basis for probable cause to stop vehicle and arrest defendant when he took delivery of vehicle from persons suspected of involvement in narcotics trafficking, even though surveilling officers saw no narcotics).[2]
 
 II
 Downward Departure
 
 13
 Orci-Dominguez also contends the district court clearly erred by denying his request to depart downward. He argues that he should have been granted a downward departure because he believed that he was transporting marijuana, not cocaine, and the resulting difference in offense levels and higher sentencing range justified a downward departure.
 
 
 14
 Because the district court exercised its discretion in refusing to depart downward, stating in response to Orci-Dominguez's request that "[t]here will be no departures," we lack jurisdiction to review this denial. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 15
 AFFIRMED in part, DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Much of Orci-Dominguez's and the government's arguments in this appeal are directed to the question of when Orci-Dominguez's detention ripened into an arrest. The district court made alternate rulings on this issue, finding that there was probable cause for an arrest at the time Orci-Dominguez's vehicle was initially stopped by the Border Patrol or, in the alternative, that the stop was a valid investigatory stop which ripened into an arrest after the investigating Agent observed what appeared to be bags containing narcotics inside the vehicle. Because we agree with the former finding and hold that there was probable cause to arrest Orci-Dominguez at the time he was initially apprehended, we need not address the latter finding
 
 
 [2]
 Orci-Dominguez also challenges the district court's failure to suppress the incriminating statements he made after his arrest because he did not understand the rights he was waiving and because he was coerced into making the statements. Orci-Dominguez's failure to raise this particular ground for suppression before trial constitutes a waiver of the issue. See Fed.R.Crim.P. 12(b)(3); United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987). Furthermore, because Orci-Dominguez does not show cause and prejudice for failure to raise this ground for suppression, see Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), and because the district court did not actually address the argument, see United States v. Vasquez, 858 F.2d 1387, 1389 (9th Cir.1988), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989), we decline to address the issue for the first time on appeal