43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shane Randy WATSON, Defendant-Appellant.
 No. 94-30167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shane Randy Watson appeals his sentence after pleading guilty to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). He contends the district court erred when it failed to depart downward based upon a significantly overstated criminal history category, an extraordinary mental health condition and a history of severe childhood abuse. We dismiss for lack of jurisdiction.
 
 
 3
 So long as the sentencing court is aware of its authority to depart downward, this court lacks jurisdiction to review a district court's discretionary decision not to depart from the guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); see also United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 4
 In a sentencing letter, counsel urged the court to depart downward on the same bases which Watson now raises on appeal. At sentencing, counsel offered the testimony of a psychiatric mental health nurse practitioner who testified to Watson's current physical and mental health problems. In the sentencing letter, counsel relied on United States v. Roe, 976 F.2d 1216, 1217 (9th Cir.1992) and argued that Watson's history of severe childhood abuse warranted a downward departure. In a sworn affidavit attached to the sentencing letter, Watson described the abuse but asked the court not to refer to the abuse in open court.
 
 
 5
 At the May 9, 1994 sentencing hearing, the district court stated that it had considered "the materials submitted," but had decided not to exercise its discretion to depart downward based upon Watson's mental and physical problems. In its May 10, 1994 Findings of Fact Order, the district court declined to depart on the basis of Watson's mental and physical problems or on the grounds that Watson's criminal history was significantly overstated. At sentencing and in its Findings of Fact Order, the district court recommended to the Bureau of Prisons that Watson's period of incarceration should be served in a federal medical facility so that Watson's mental and physical problems could be treated.
 
 
 6
 Watson insists that the district court's statement, in its May 10, 1994 Findings of Fact Order, that it "found no bases for departure" indicates that the district court was not aware of its authority to depart. We disagree. Watson has isolated the statement and taken it out of context. Reading as a whole the transcript of the May 9, 1994 sentencing hearing and the court's order of May 10, 1994, it is apparent that the sentencing court was aware of its authority to depart on each of the grounds offered by Watson but declined to exercise its discretion to do so. Because a district court's discretionary refusal to depart downward is not subject to review, we dismiss Watson's appeal for lack of jurisdiction. See Morales, 972 F.2d at 1011; Robinson, 958 F.2d at 272.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3