50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janine Ann HENRY, Defendant-Appellant.
 No. 94-30330.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-94-60004-MRH; Michael R. Hogan, District Judge, Presiding.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Janine Ann Henry appeals her 33-month sentence imposed following a guilty plea to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Henry contends the district court improperly denied her request for a downward departure based upon a combination of factors, including her addiction to alcohol and gambling, her minimal criminal history, and that the offense constituted aberrant behavior. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 As long as the sentencing court is aware of its authority to depart downward, this court lacks jurisdiction to review a district court's discretionary decision not to depart from the guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); see also United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 
 4
 Henry contends that the district court failed to exercise its discretion to depart based on a "combination of factors," including aberrant behavior and emotional instability. See United States v. Cook, 938 F.2d 149, 152-53 (9th Cir.1991) (a "unique combination of factors" may constitute mitigating circumstances). We disagree. It is apparent from the record that the sentencing court was aware of its authority to depart downward based on a combination of factors offered by Henry.
 
 
 5
 At the sentencing hearing, the district judge acknowledged that he had read Henry's sentencing letter "carefully" and allowed defense counsel to again argue for departure based on aberrant behavior and other factors. Henry chose to address the court and explained that her gambling addiction led her to commit the bank robbery. In explicitly rejecting Henry's proposed grounds for departure, the court stated:
 
 
 6
 I have carefully considered the arguments that your attorney gave, and I think that--and I'm impressed by the statement you just made. The problem that I have here is that I have to follow the law too. And frankly, I do not find that there is any specific factors or a combination of factors under the Cook case that warrants a downward departure.
 
 
 7
 Based on this statement, it is clear that the court considered all of Henry's proposed grounds for departure and exercised its discretion not to depart downward.
 
 
 8
 Henry argues, however, that the court's following statement indicates that it thought it lacked authority to depart:
 
 
 9
 What I'm going to do is give you the most favorable sentence I believe the guidelines allow. If this were a case in which I still had the discretion--which I believe trial judges ought to have which the guidelines are taking away--I would do more. But I have to follow the law, also, even if sometimes it may seem, on a balance, that I would have a little different approach.
 
 
 10
 Contrary to Henry's contention, the court's comments taken in context indicate frustration with the Guidelines, not an erroneous belief that the court lacked power to depart. Immediately before making this statement, the court had informed Henry that it failed to find appropriate grounds for a downward departure in her case.
 
 
 11
 Because the record indicates that the sentencing court exercised its discretion in refusing to grant Henry a downward departure, we lack jurisdiction to review this decision. See Robinson, 958 F.2d at 272. Accordingly, we dismiss Henry's appeal for lack of jurisdiction. Id.
 
 
 12
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3