64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cody TUNNELL, Defendant-Appellant.
 No. 94-30352.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1995.*
Decided Aug. 11, 1995.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cody Tunnell appeals his conviction by guilty plea and 92-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Tunnell argues that the district court erred in refusing to allow him to withdraw his guilty plea and by refusing to depart downward on his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). A district court may permit a guilty plea to be withdrawn for any fair and just reason. Fed.R.Crim.P. 32(d); United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988). "It is well-established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court. Moreover, although a motion to withdraw a guilty plea should be freely allowed, the defendant has the burden on appeal to show that the district court abused its discretion in denying the motion." Id. at 637 (citations omitted).
 
 
 4
 Tunnell presented two reasons to the district court for wanting to withdraw his guilty plea. First, Tunnell stated that after reading Sec. 922(g) for the first time, he discovered that Sec. 922(g) does not apply to him because he was never involved in interstate or foreign commerce in weapons and because he was not involved in the business of importing, manufacturing or dealing in weapons. As the district court noted, Tunnell misunderstands the law.
 
 
 5
 In the plea agreement, Tunnell acknowledged that the charge had been explained to him, and that he understood the nature and elements of the crime to which he was pleading guilty. Tunnell also agreed with the government's factual basis for the charge. Tunnell did not demonstrate that his attorney misadvised him in any way about the application of Sec. 922(g), and our review of the transcript suggests that his change of plea proceeding comported with the requirements of Fed.R.Crim.P. 11. His new found misunderstanding of Sec. 922 is not a fair and just reason for withdrawal of his guilty plea.
 
 
 6
 Second, Tunnell argued that his attorney misrepresented his likely sentence. Tunnell informed the district court that "[he] was under the impression that [his attorney] was going to argue all the way down to as close to a 35-month period of incarceration to the best of his ability." This statement does not establish that Tunnell's attorney made any assurances or predictions about the likely sentence, but simply promised to do what he could. In any event, it is well-settled that an attorney's erroneous sentence prediction alone does not provide a fair and just reason for the withdrawal of a guilty plea. See United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991); Shah v. United States, 878 F.2d 1156, 1161-62 (9th Cir.) (absent proof of ineffective assistance of counsel, a defendant's apprehension that his sentence will be harsher than expected does not justify withdrawal of a guilty plea), cert. denied, 493 U.S. 8699 (1989).
 
 
 7
 In this case, the district court informed Tunnell of the maximum 10-year sentence, and ensured that Tunnell had discussed the application of the sentencing guidelines with his attorney. In addition, the district court explained that Pretrial Services would independently determine the applicable guideline range, that any sentencing guideline agreement between Tunnell and the government was not binding, and that the ultimate sentencing decision remained with the court. See Oliveros-Orosco, 942 F.2d at 646. (Shah does not refer to these factors.) Finally, Tunnell assured the court that no promises had been made to him other than what appeared in the plea agreement, and the plea agreement only mentions the 10-year statutory maximum penalty. We note that Tunnell's 92-month sentence was within the statutory maximum. See United States v. Turner, 881 F.2d 684, 687 (9th Cir.) (defendant could not show prejudice from attorney's inaccurate sentence prediction where court informed him that prediction was not binding and sentence was below the statutory maximum), cert. denied, 493 U.S. 871 (1989). Under these circumstances, Tunnell has failed to establish a fair and just reason for withdrawing his plea.
 
 
 8
 The district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.
 
 II.
 
 9
 Tunnell also argues that the district court erred by denying him a downward departure. Tunnell's counsel argued for a downward departure on his criminal history under United States Sentencing Guideline ("USSG") Sec. 4A1.3 on the basis of factors set forth in USSG Secs. 5K2.0 and 5K2.13. A district court's discretionary refusal to depart downward is unreviewable on appeal. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991). We may review a decision not to depart only where it is based on a mistaken belief that the court had no authority to depart. Id.
 
 
 10
 The record suggests that the district court believed that it had the authority to depart downward, but exercised its discretion not to. Indeed, the district court stated:
 
 
 11
 ... your attorney made the argument on a reduction departure under 5K2.10 and 5K2.13, and a reduced mental capacity. And the court finds possibly I could make a reduction under that guideline number, but I don't feel you fit that category. I don't think there has been a significant reduction of your mental capacity, and I also find there is a strong public interest that must be protected here because I do feel that you are dangerous.
 
 
 12
 Tunnell argues that the district court's statements are ambiguous because it did not specifically mention Sec. 4A1.3 (Adequacy of Criminal History Category). This is without merit. There is no evidence that the district court did not understand that defense counsel was arguing for departure on Tunnell's criminal history. Defense counsel clearly asked the court to grant that departure on the basis of factors in Secs. 5K2.10 and 5K2.13, and the district court exercised its discretion not to do so. See United States v. Robinson, 958 F.2d 268, 271 (9th Cir.1992) (court's decision was discretionary where it entertained briefs and oral argument on the appropriateness of departure and concluded that it was "not warranted.") We therefore decline to review the district court's decision.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3