8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Alfred CAMPBELL, Defendant-Appellant.
 No. 92-50297.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1993.
Decided Oct. 5, 1993.
 
 Before: FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Alfred Campbell appeals his sentence of 188 months imprisonment. A jury convicted him on three counts of conspiracy and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends the district court erred by denying him a reduction in his sentence for acceptance of responsibility, by refusing to depart downward from the applicable United States Sentencing Guidelines range on the ground that his crime was a single act of aberrant behavior, and by refusing to hold an evidentiary hearing to determine whether one of his prior state court convictions was unconstitutional. We affirm.
 
 A. Acceptance of Responsibility
 
 3
 Campbell contends the district court erroneously denied him a 2-point reduction in his offense level under the guidelines for acceptance of responsibility. See U.S.S.G. § 3E1.1. "We review this essentially factual determination for clear error," giving "great deference" to the determination of the sentencing judge. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992). To the extent that Campbell raises constitutional challenges to his sentence under the Fifth and Sixth Amendments, these are questions of law which we review de novo. See United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 4
 Campbell contends he accepted responsibility because he confessed to sheriff's deputies that he distributed cocaine. However, the court stated "this is not the position that the defendant maintained at trial." Reporter's Transcript, 4/13/92 at 6. In fact, Campbell argued at trial that he had not confessed and that a deputy sheriff was committing perjury by testifying to Campbell's confession. Further, in his motion to suppress evidence, Campbell filed a declaration asserting that he had not waived his rights and spoken to the deputy, and testified at the hearing on the motion that he said nothing about the case to the deputy. RT, 12/2/91, at 172.
 
 
 5
 Subsequent to trial, Campbell did nothing and said nothing to evince regret for his actions or acceptance of responsibility for them. He contends his silence was used against him in violation of his Fifth Amendment privilege against self-incrimination. We disagree. In United States v. Aichele, 941 F.2d 761 (9th Cir.1991), "Aichele exercised his right to remain silent at trial and refused to discuss his case with his probation officer. He did not make a statement at his sentencing hearing. Therefore, there was no indication of his contrition either before or after he was convicted." Id. at 767. We held that the denial of the two-point reduction was appropriate, notwithstanding the argument articulated in the dissent, id. at 767-70 (Kozinski, J., dissenting), that in effect we were penalizing Aichele for his silence. We see no principled distinction between this case and Aichele. See also United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990) (reversing grant of two-point reduction to defendant who remained silent at trial and "even after the jury found him guilty ... refused to discuss his case with his probation officer"), cert. dismissed, 112 S.Ct. 353 (1991).
 
 B. Downward Departure
 
 6
 Campbell contends the district court should have departed downward from the guideline range of 188-235 months imprisonment because his crime constituted aberrant behavior. Campbell asserts the district court believed it lacked authority to depart based on a finding of aberrant behavior. If the district court believed it lacked authority to depart on this ground, Campbell would be entitled to resentencing under our prior decisions. See United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); United States v. Takai, 941 F.2d 738, 744 (9th Cir.1991). At the sentencing hearing and in his objections to the presentence report, Campbell's trial counsel asserted that a downward departure was warranted based on Campbell's "exemplary background" and "situational" involvement in the offense. The district court could have construed this argument as a request to depart downward because the crime was aberrant behavior. The words "aberrant behavior" were never articulated by the defendant's counsel. Arguably, this question was not raised in the district court and should not be considered for the first time on appeal. Nevertheless, we consider the argument by interpreting Campbell's counsel's expression to the court as conceivably being a request for a downward departure based on aberrant behavior.
 
 
 7
 Campbell finds support for his argument in the district court's statement that the 188-month sentence was "not within the control of the court to change anymore than the court has already done." RT, 4/13/92, at 18. Campbell argues this comment makes his case analogous to United States v. Brown, 985 F.2d 478 (9th Cir.1993). There, the district court's "repeated declarations that none of the grounds for departure [appellant] had suggested was permissible under the guidelines convince us that the court's refusal to depart was probably the result of the court's belief that it was without authority to depart." Id. at 481.
 
 
 8
 Brown is distinguishable. Although here the district court did not affirmatively state it had authority to depart and was refusing to do so, "we will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 9
 Here, the court heard from Campbell's counsel regarding the facts that would warrant the mandatory minimum sentence of 10 years, as opposed to the guideline sentence of 15 years 8 months. RT, 4/13/92, at 13-14. The court then imposed a sentence at the lowest end of the guideline range and made the comment relied upon by Campbell regarding the court's lack of control. But as the government points out, this statement was a general summation of the proceedings, and did not refer specifically to the request to depart downward based on the defendant's background. This is far from a "repeated declaration" that departure was not permissible. Brown, 985 F.2d at 480. Nor can the colloquy between Campbell's counsel and the court be construed as raising a legal question regarding the court's power to depart.
 
 
 10
 Based on the record, the court made a discretionary decision not to depart downward after reviewing the facts of the case. This decision is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 11
 C. Campbell's Allegedly Unconstitutional Prior State Conviction
 
 
 12
 The presentence report computed Campbell's criminal history as "Category III" on the guidelines table, making the guideline range 235-293 months. See U.S.S.G. § 5A. Campbell had been convicted by a California municipal court for driving with a suspended or revoked license on July 27, 1990, had been convicted in another municipality of the same offense on January 28, 1991, and was on probation for both offenses when he committed this drug trafficking offense. Campbell objected to the computation of his criminal history at Category III on the ground that it overstated his criminal history. The district court agreed. The court determined the proper criminal history category to apply in Campbell's case was Category I, the lowest possible category.
 
 
 13
 Campbell contends his July 27, 1990 conviction for driving with a suspended or revoked license was obtained in violation of his constitutional right to counsel. He requests that we remand and that the district court be ordered to conduct an evidentiary hearing to determine whether Campbell was represented by an attorney in his state trial.
 
 
 14
 This contention is moot. Because the district court computed Campbell's sentence using the lowest possible criminal history category, any determination that the earlier conviction violated Campbell's constitutional right to counsel would not change his sentence.
 
 
 15
 Arguably, this problem is capable of repetition. If the district court fails to address Campbell's collateral attack on his 1990 conviction, that conviction could be used against him in some future sentencing proceeding. However, neither we nor the district court can issue an advisory opinion in anticipation of Campbell committing another illegal act. Cf. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). No exception to the mootness doctrine applies here.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3