**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Michael BROWN, Defendant–Appellant.**

No. 92–50247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1993.

Decided Feb. 10, 1993.

Deborah Lewis, Asst. Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Barbara M. Scheper, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: CANBY and NORRIS, Circuit Judges and TANNER,* District Judge.

CANBY, Circuit Judge:

Defendant-appellant James Michael Brown challenges the district court's refusal, in sentencing him following his convic-

* The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

tion on three counts of bank robbery, to depart downward from the applicable guideline range. Because we conclude that the district court acted under the erroneous impression that it lacked authority to depart, we vacate Brown's sentence and remand his case for resentencing.

## BACKGROUND

Brown pleaded guilty to three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). His six prior felony convictions placed him in the "career offender" criminal history category of the United States Sentencing Guidelines, subject to a sentencing range of 168 to 200 months in prison.

Brown asked the court to depart downward from the guideline range, asserting three grounds in support of departure:

(1) that during his youth, he was severely abused and neglected;

(2) that the guidelines exaggerated the seriousness of his criminal history; and

(3) that he had manifested an extraordinary acceptance of responsibility.

The district court refused to depart downward. At the sentencing hearing the court stated:

> One of the problems that I have is, that legally there's nothing I can—that I think I can do with regard to a downward departure in this case. If I could depart, the sentence in this matter would be one hundred and twenty months, but I can not depart downward. The sentence that I would give, had I the discretion, would be one hundred and twenty months.
>
> But under the guidelines whatever discretion a Federal Judge has, he's limited by the guidelines themselves. And the items that your [sic] seeking to have the Court depart downward [on] are just not legally recognizable under any of the provisions of the guidelines....
>
> But had there been legal grounds for departing, I would have given him one hundred and twenty months.

At other points in the hearing the court indicated that it lacked discretion to depart downward on each of the grounds Brown asserted. The court sentenced Brown to 168 months in prison.

Brown maintains that the district court erred in concluding that it was without authority to depart from the Sentencing Guidelines.

## DISCUSSION

### I. REVIEWABILITY

■ As an initial matter, we must determine whether the district court's refusal to depart is reviewable. *United States v. Belden*, 957 F.2d 671, 676 (9th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). Ordinarily, a sentencing court's decision not to depart is not reviewable unless the decision resulted from a legal determination that the guidelines prevented departure. 18 U.S.C. § 3742(e)(2) (Supp.1992). Because a sentencing court is not obligated to state its reasons for imposing a sentence within the guideline range, however, the court's silence regarding whether it had authority to depart is not sufficient indication that it believed that it lacked discretion to depart. *United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir.1991). We do not review a sentencing court's determination that it lacked authority to depart, moreover, if the court indicated that it would not depart had it the authority to do so. *Belden*, 957 F.2d at 676.

The government contends that the district court's refusal to depart in Brown's case is unreviewable. The government notes that at three points during the sentencing hearing the court made statements that could be construed as concluding that the facts do not warrant departure. For example, in declining to depart on the ground that the guidelines exaggerated the seriousness of Brown's criminal history, the court stated "you say 'overrepresentation[ ]' when he's got a rap sheet as long as my arm." According to the government, these statements show that the court rested its refusal to depart not on the conviction that it lacked the authority to depart,

but rather on a discretionary finding on the facts.

At most, these statements cast a faint shadow of doubt on Brown's contention that the district court did not depart because it concluded that it lacked discretion to depart. The court's repeated declarations that none of the grounds for departure Brown had suggested was permissible under the guidelines convince us that the court's refusal to depart was probably the result of the court's belief that it was without authority to depart. Because the record supports an inference that the sentencing court's refusal to depart rested on the court's conviction that it lacked the discretion to do so, we will treat the refusal as a product of the court's interpretation of the guidelines, subject to appellate review. *United States v. Amparo–Sanchez*, 961 F.2d 288, 292 (1st Cir.) (citing, *inter alia, United States v. Lauzon*, 938 F.2d 326, 330 (1st Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 450, 116 L.Ed.2d 468 (1991)), *cert. denied,* — U.S. —, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992); *see also United States v. Morales*, 898 F.2d 99, 102–03 n. 2 (9th Cir.1990) (stating in dictum that if record is unclear, remand may be necessary for determination of whether the district court rested refusal to depart on factual findings or on belief that it lacked authority). To hold otherwise would unfairly foreclose the defendant from having his sentence reviewed merely because the sentencing court created an ambiguity when announcing its decision. *See United States v. Russell*, 870 F.2d 18 (1st Cir.1989) (per curiam) (requesting clarification of basis of sentencing court's decision in order "to be absolutely fair" to defendant).

## II. AUTHORITY TO DEPART

We review de novo the district court's determination that it lacks discretion to depart from the sentencing guidelines. *Belden*, 957 F.2d at 676. Unless we determine that they are clearly erroneous, we accept the district court's factual findings that form the basis of the sentencing decision. *United States v. Chapnick*, 963 F.2d 224, 226 (9th Cir.1992).

■ The sentencing court retains discretion to depart downward from the guidelines if it finds "mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (Supp.1992); *United States v. Lira–Barraza*, 941 F.2d 745, 746 (9th Cir.1991) (*en banc*). The sentencing court may consider "without limitation, *any information* concerning the background, character and conduct of the defendant, unless otherwise prohibited [by the guidelines or other law]." United States Sentencing Commission, *Guidelines Manual* § 1B1.4 (November 1, 1991) [hereinafter U.S.S.G.] (emphasis added).

### A. Extraordinary Abuse

■ In *United States v. Roe*, 976 F.2d 1216 (9th Cir.1992), we held that when the facts showed that it was extraordinary, the abuse a defendant had suffered during childhood constituted a valid ground for departure. *Id.* at 1217–18. Brown offered into evidence a letter to the court in which he recounted his childhood of severe abuse and neglect. In addition, Brown produced a psychologist's report that concluded that the trauma Brown had suffered during childhood was the primary cause of Brown's criminal behavior. The sentencing court could have considered these facts in determining whether departure was warranted.

### B. Overrepresentation of the Seriousness of the Defendant's Criminal Record

■ The sentencing guidelines provide that the sentencing court may depart downward if the applicable criminal history category "significantly over-represents the seriousness of a defendant's criminal history." U.S.S.G. § 4A1.3 (Policy Statement). The fact that the guidelines place the defendant in the career offender category does not preclude the sentencing court from departing. *United States v. Lawrence*, 916 F.2d 553, 555 (9th Cir.1990).

■ At the sentencing hearing, Brown argued that the nature of the crimes for which he had been convicted and his youth at the time of one previous conviction render his criminal past significantly less serious than that of a typical career offender. Half of Brown's criminal history score is attributable to his DUI convictions. One of the convictions counted in the score occurred when Brown was only eighteen years old, and following that conviction Brown was placed in the custody of the California Youth Authority.

The Sentencing Guidelines stipulate that "[a]ge (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.1 (Policy Statement). Age, however, becomes relevant when it causes a defendant's criminal history score significantly to overstate the seriousness of his criminal record. *U.S. v. Smith,* 909 F.2d 1164, 1169 (8th Cir.1990), *cert. denied,* 498 U.S. 1032, 111 S.Ct. 691, 112 L.Ed.2d 682 (1991). We conclude, therefore, that nothing in the guidelines would preclude the district court from departing if it found that, in view of the nature of Brown's prior convictions or Brown's age when he committed one of the predicate offenses, placement in the career offender category significantly exaggerated the seriousness of Brown's criminal history. *Id.;* 18 U.S.C. § 3553(b).

C. Extraordinary Acceptance of Responsibility

■ Brown did not confess until after his arrest, which followed a high speed chase. Brown's confession lacked important details about the offenses to which he admitted. For these reasons, the government asserts, the district court could not have found that Brown demonstrated an exceptional acceptance of responsibility, and, therefore, we should not reach the question of whether the district court erred in ruling that it lacked authority to depart on this ground.

We reject the government's argument. The record contains evidence that would support departure on the ground that

Brown manifested an extraordinary acceptance of responsibility, and at the sentencing hearing the district court clearly expressed its belief that the guidelines did not adequately account for the degree of acceptance of responsibility that Brown had exhibited:

> [Brown] admitted, you know, his participation early on, and gets from me bonus points. If there were no guidelines in this particular case, I would give him a much more I think representative adjustment for acceptance of responsibility.

That Brown's confession was not detailed to the government's satisfaction and that it occurred after his arrest will not prevent us from deciding whether the district court erred in concluding that it lacked discretion to depart on a finding that Brown's acceptance of responsibility was extraordinary. *Cf. United States v. Berlier,* 948 F.2d 1093, 1096 (9th Cir.1991) (declining to reach question of district court's discretion to depart where nothing in record supports departure on particular ground at issue).

The guidelines authorize the sentencing court to make a two point reduction in a defendant's offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). The application notes following section 3E1.1 list seven non-exclusive factors that a court may consider in determining whether a defendant should receive the reduction for acceptance of responsibility.

The mere existence of section 3E1.1(a) does not preclude the sentencing court from making an additional departure in the case where the defendant manifests an extraordinary acceptance of responsibility. "[T]he court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines ... if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0 (Policy Statement). We conclude, therefore, that the district court could have departed downward from the recommended sentence range if it had de-

termined that the two point reduction provided in section 3E1.1 did not adequately reflect the degree to which Brown accepted responsibility for his conduct. *Accord United States v. Rogers*, 972 F.2d 489, 493 (2d Cir.1992); *United States v. Lieberman*, 971 F.2d 989, 996 (3d Cir.1992); *United States v. Carey*, 895 F.2d 318, 323–24 (7th Cir.1990); *United States v. Crumb*, 902 F.2d 1337, 1339–40 (8th Cir.1990).

## CONCLUSION

Because we hold that the district court erred in ruling that it lacked discretion to depart on each of the grounds Brown asserted, we must vacate Brown's sentence and remand the case for resentencing. We hasten to add, however, that in rendering this decision we are not predicting how the district court will exercise its discretion with regard to any of these three grounds. Nor have we determined whether the record contains sufficient evidence to support departure on any particular ground asserted. We leave these matters to the district court.

VACATED AND REMANDED FOR RESENTENCING.