5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique RODRIGUEZ-GALINDO, Defendant-Appellant.
 No. 93-50014.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Appeal from the United States District Court for the Central District of California; D.C. No. CR-92-00757-DT(RS); Dickran M. Tevrizian, District Judge, Presiding.
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 Enrique Rodriguez-Galindo appeals his 77-month sentence imposed following entry of his guilty plea to illegal reentry into the United States in violation of 8 U.S.C. Sec. 1326. Rodriguez-Galindo contends the district court erred by refusing to depart downward based upon the circumstances surrounding his arrest by state authorities. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 Because the district court stated that it lacked the authority to depart downward, we have jurisdiction to review the denial of the downward departure.[1] See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992); see also United States v. Brown, 985 F.2d 478, 481 (9th Cir.1993) (appellate review where record supports inference that the sentencing court's refusal to depart rested on belief that it lacked discretion). We review de novo whether the district court had legal authority to depart. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc).
 
 
 3
 Here, Rodriguez-Galindo alleges improprieties by state authorities in his arrest and subsequent release to the Immigration and Naturalization Service, whereupon he was turned over to federal authorities to be charged and convicted for illegal reentry. In light of Rodriguez-Galindo's guilty plea, however, any impropriety arising from his state arrest would not constitute a basis for downward departure. See United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1991) (governmental misconduct not a factor justifying downward departure for the sentence " 'of an admittedly guilty defendant' ") (quoting United States v. Streeter, 907 F.2d 781 (8th Cir.1990)), cert. denied, 112 S.Ct. 383 (1991). Accordingly, the district court was correct in determining that it had no legal authority to depart and properly denied Rodriguez-Galindo's request for downward departure.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In denying the downward departure, the district court stated:
 This case is probably worth two to three years maximum, if that, but the guidelines are the thing that prevents me from exercising any further discretion or actually departing--that would be affirmed on appeal. That's the difficulty that I have.