19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Whitney R. WEIDRICK, Defendant-Appellant.
 No. 93-30274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Whitney R. Weidrick appeals his 78-month sentence following his guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Weidrick contends the district court erred by denying him a downward departure from the applicable Sentencing Guidelines range, pursuant to U.S.S.G. Sec. 5K2.13, based on diminished capacity. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A district court's discretionary decision not to depart is not reviewable on appeal unless that decision resulted from a legal determination that the Guidelines preclude departure. United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993); see 18 U.S.C. Sec. 3742(e)(2). "We do not review a sentencing court's determination that it lacked the authority to depart, moreover, if the court indicated it would not depart had it the authority to do so." Brown, 985 F.2d at 480 (citing United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1993)). We must determine, therefore, whether the district court's decision was a nonreviewable exercise of discretion or a legal determination subject to appellate review. See Brown, 985 F.2d at 481.
 
 
 4
 Weidrick pleaded guilty to unlawful possession of a pipe bomb. At sentencing, he requested a downward departure pursuant to U.S.S.G. Sec. 5K2.13, which authorizes a sentencing court to depart based on significantly reduced mental capacity if the defendant committed a "non-violent offense" and his criminal history "does not indicate a need for incarceration to protect the public." U.S.S.G. Sec. 5K2.13. The government argued that possession of a pipe bomb was a crime of violence.
 
 
 5
 In declining to depart, the district court noted that the offense of conviction is a "crime of violence" as defined by U.S.S.G. Sec. 4B1.2 (defining "crime of violence" for purposes of Career Offender provisions) because Weidrick had threatened to use the pipe bomb to kill the victim. The court indicated, however, that it would not depart even if the offense was not a crime of violence for purposes of the Guidelines provision on diminished capacity:
 
 
 6
 "Assuming that [U.S.S.G. Sec. 5K2.13] does, in fact, apply, because this is not a crime of violence and because Mr. Weidrick's mental state was a significant reduction ... I think it would be inappropriate to apply [section 5K2.13] here.... Mr. Weidrick has, by virtue of his criminal history, demonstrated the ability to put ... other people at risk.
 
 
 7
 [Weidrick] used a loaded gun, took another man hostage; put several people at risk of losing their lives.... We all know what kind of a dangerous circumstance we get into when we start using loaded guns. Pipe bombs are even more dangerous.
 
 
 8
 [T]herefore, it ... would be inappropriate to reduce the period of time when Mr. Weidrick is separated from society, which needs to be protected from people like him, because of the risk that he poses, not only to others, but to himself."
 
 
 9
 We need not determine whether the district court erred by concluding that the offense of conviction was a crime of violence because the district court indicated that even if it were not, it found departure inappropriate in the instant case. This discretionary decision is not reviewable on appeal. See Brown, 985 F.2d at 480.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3