29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Joseph BACA, Defendant-Appellant.
 No. 93-50795.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Joseph Baca appeals the 63-month sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Baca contends the district court erred by denying him a downward departure based upon the overrepresentation of his criminal history, pursuant to U.S.S.G. Sec. 4A1.3, and based upon a combination of factors, pursuant to U.S.S.G. Sec. 5K2.0. We dismiss for lack of jurisdiction.
 
 
 3
 A district court's discretionary refusal to depart downward is not reviewable on appeal unless that decision was the result of a legal conclusion that the Guidelines preclude departure. United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993); see also United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990).
 
 
 4
 At sentencing, Baca urged a downward departure based upon the overrepresentation of his criminal history. The district court stated, "I don't think I can do that.... I don't think I have a basis to do that." Baca also argued that his age, long-term heroin dependence, and the likelihood against his recidivism supported a downward departure. The court disagreed, stating, "I don't think so and I don't think it is workable on a bank robbery with this criminal history to put him in [a drug treatment program]. I thought about it for a long time. I just don't see how I can do it." The court then imposed a sentence at the low end of the Guidelines range.
 
 
 5
 Here, the district court entertained written briefs and oral argument on Baca's position and rejected it. The district court's statements indicate that the court exercised its discretion to deny the request for a downward departure after considering the facts of the case. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992) (refusal to depart was discretionary when district court entertained briefs and oral arguments and concluded departure was not warranted); United States v. Koenig, 952 F.2d 267, 273-74 (9th Cir.1991) (district court's comments reflected that it based sentence on facts and culpability, not because it lacked authority to depart). Because the district court's statements do not indicate that the court believed that it lacked the authority to depart downward, we lack jurisdiction over this appeal. See Morales, 898 F.2d at 102; cf. Brown, 985 F.2d at 480-81 (appellate review proper where record supports inference that court's refusal to depart rested on court's belief that it lacked authority to depart).
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3