38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Steven CARROLL, Defendant-Appellant.
 No. 94-50022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Steven Carroll appeals his 21-month sentence imposed following his guilty plea to embezzlement in violation of 18 U.S.C. Secs. 641, 666(a)(1). Carroll challenges the district court's decision to increase his offense level for abuse of trust and to decline to depart downward. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the application of the Sentencing Guidelines. United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990).
 
 
 4
 The Guidelines provide for a two-level upward adjustment in the offense level if "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. Sec. 3B1.3. The Commentary states that "[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons." U.S.S.G. Sec. 3B1.3, comment. (n. 1).
 
 
 5
 Carroll concedes that as the Executive Director of the San Fernando Valley Neighborhood Legal Services (SFVNLS) he occupied a position of trust. He contends, however, that his position did not significantly facilitate the commission or concealment of the crime and that others at SFVNLS had the same opportunity to take checks from the mail. We disagree because, as compared to the public at large, Carroll was in a better position to both commit and conceal the thefts. See Hill, 915 F.2d at 507-08 (comparison group is public at large). Carroll forged the signatures of members of the board to open a mock bank account in SFVNLS's name. His embezzlement of thirteen checks totalling over $525,000 remained undetected for three years, until he confessed. See United States v. Donine, 985 F.2d 463, 465 (9th Cir.1993) (adjustment appropriate when stockbroker embezzled funds for at least eighteen months without arousing suspicion). Over the years, he returned $19,038.73 of the stolen funds to ensure that SFVNLS would have sufficient operating funds, and thereby, forestall detection. When the bank alerted SFVNLS of a problem with one of the checks that Carroll had taken and deposited into the mock account, Carroll used his position to conceal the offense by allaying the concerns of the bank and by assuring SFVNLS's fiscal officer that he was investigating the problem. Finally, Carroll's own belief that "he could continue to hide the embezzlement from his co-workers since he was so trusted at the office" illustrates that his position enabled him to conceal his crime. Cf. United States v. Foreman, 926 F.2d 792, 795-97 (9th Cir.1991) (police officer's use of her position to facilitate drug smuggling was abuse of trust despite her unsuccessful attempt to use it to conceal the offense). On these facts, we discern no error in the district court's application of the abuse of trust adjustment.
 
 
 6
 The district court stated that even if the Guidelines permitted a departure for diminished mental capacity due to severe depression and pathological gambling, the court would not exercise its discretion to depart. Therefore, we have no jurisdiction to review this claim. See United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993). Finally, the record contradicts Carroll's contention that the district court failed to consider the combination of factors he pressed to support a departure.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3