42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo MORALES-GARCIA, Defendant-Appellant.
 No. 94-50021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Dec. 7, 1994.
 
 Before: WALLACE, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant/Appellant Gerardo Morales-Garcia (Morales-Garcia) pleaded guilty to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). At his sentencing hearing, Morales-Garcia requested that the district court depart downward from the United States Sentencing Guidelines range because he had suffered extraordinary abuse as a child. The district court did not depart downward from the Guidelines range, sentencing Morales-Garcia to seventy-three (73) months in custody, to be followed by a three-year term of supervised release. Morales-Garcia timely appeals that sentence and we affirm.
 
 I.
 
 3
 A district court's discretionary decision not to depart downward from the guidelines is generally not subject to review on appeal. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). Review is only appropriate when a district court makes a determination that it lacks discretion to depart from the sentencing guidelines. United States v. Brown, 985 F.2d 478, 481 (9th Cir.1993).
 
 
 4
 In the instant case, in response to Morales-Garcia's request for a downward departure, the district court stated in open court as follows:
 
 
 5
 Abuse, I'm certain it occurred. I have no doubt, no reason to doubt the assertions of abuse. And as bad as they may have been, as bad as a childhood may have been or may be remembered as having been, there is no legal basis for downward departure based on childhood abuse. You have not met the burden, essentially. (emphasis added)
 
 
 6
 The district court did not make a discretionary decision not to depart downward; rather, the court determined that the circumstances of Morales-Garcia's childhood abuse were not extraordinary and, therefore, that it did not have discretion to depart downward. The court applied the correct legal standard in assessing whether there was a basis for departure. The question before us is whether the district court clearly erred in finding that there were no extraordinary circumstances in Morales-Garcia's case.
 
 II.
 
 7
 Psychological effects of childhood abuse may only be considered as a basis for departure in extraordinary circumstances. Roe, 976 F.2d at 1218 (citing United States v. Boshell, 952 F.2d 1101, 1107 (9th Cir.1991)). The district court made factual findings throughout the sentencing hearing that relate to whether Morales-Garcia's childhood abuse constituted extraordinary circumstances. Unless we determine that the district court's factual findings were clearly erroneous, we must accept those findings. Brown, 985 F.2d at 481. In general, under the clearly erroneous standard of review, we must accept the lower court's findings of fact unless we are left with the definite and firm conviction that a mistake has been made. Woods v. Graphic Communications, 925 F.2d 1195, 1199 (9th Cir.1991); Johnson v. United States Postal Service, 756 F.2d 1461, 1464 (9th Cir.1985).
 
 
 8
 At the sentencing hearing, the district court explained that it had read and reviewed Morales-Garcia's two letters to the court, Morales-Garcia's psychological evaluation, and Morales-Garcia's sentencing position paper. The district court found that during Morales-Garcia's childhood, he had at least one parent, his mother, who cared about him. Morales-Garcia conceded to his psychologist that his mother provided a stable and positive influence. The court noted that after three years of Navy service, Morales-Garcia received an honorable discharge. Lastly, the court noted that the defendant, after his discharge from the Navy, functioned well and free of any physical abuse. Morales-Garcia has not disputed these findings and we find nothing in the record or in the briefs to create a firm conviction that a mistake has been committed.
 
 
 9
 For the factual reasons found by the district court, we conclude that the abuse Morales-Garcia suffered did not rise to the level of extraordinary circumstances. Therefore, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3