46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael SKRAMSTAD, Defendant-Appellant.
 No. 94-50115.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Skramstad appeals his 90-month sentence imposed following a guilty plea to armed bank robbery in violation of 18 U.S.C. Secs. 2113(a) and (d), and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c). Skramstad contends that the district court improperly denied his request for a downward departure based upon a combination of factors, including his extraordinary mental state, his family responsibilities, and that the offense constituted aberrant behavior. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 This court lacks jurisdiction to review a district court's discretionary decision not to depart from the guidelines. United States v. Robinson, 958 F.2d 268, 272 (9th Cir. 1992). A court's silence regarding whether it had authority to depart is insufficient to show that it believed it lacked discretion to depart. United States v. Brown, 985 F.2d 478, 480 (9th Cir. 1993) (citing United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir. 1991).
 
 
 4
 Skramstad argues that the district court failed to exercise its discretion to depart based on a "combination of factors," including aberrant behavior and family responsibilities. See, e.g., United States v. Cook, 938 F.2d 149, 152-53 (9th Cir. 1991) (a "unique combination of factors" may constitute mitigating circumstances). We disagree. It is apparent from the record that the sentencing court was aware of its authority to depart on the permissible grounds offered by Skramstad.
 
 
 5
 Skramstad asked the court to depart downward based on a combination of factors: Skramstad's emotional instability, his family responsibilities, the fact that the bank robbery constituted aberrant behavior, and because the government unnecessarily prosecuted him pursuant to 18 U.S.C. Sec. 924(c), which carries a mandatory 5-year consecutive sentence. In addition, Skramstad asked the court to depart downward because his criminal history category significantly over-represented the seriousness of his two prior misdemeanors.
 
 
 6
 At the sentencing hearing, the district court discussed the circumstances of the offense at length with counsel, and engaged in a colloquy with the defendant regarding his mental state at the time of the robbery. The court granted a downward departure on the ground that Skramstad's criminal history was over-represented. The court explicitly rejected aberrant behavior as a grounds for departure, however, and implicitly rejected the other proposed bases. The court stated:
 
 
 7
 Now, appropriate circumstances. Now, I looked at this aberrant conduct for you and I tried to identify matters which would really bear upon the mens rea of your client. I'm telling you, he comes out losing. The issue is there, I grant you, but it doesn't pass muster.
 
 
 8
 Thus, the record indicates that the court considered all of the grounds that were argued, and chose to exercise its discretion to depart downward based on over-representation, but not based on other grounds.
 
 
 9
 Absent some indication that the district court believed it lacked authority to depart, this court lacks jurisdiction to review the district court's discretionary decision. See Garcia-Garcia, 927 F.2d at 490. Accordingly, we dismiss Skramstad's appeal for lack of jurisdiction. Id.
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3