59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elmore BRADY, Jr., Defendant-Appellant.
 No. 94-30379.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elmore Brady, Jr. appeals his 120-month sentence imposed following a conviction by jury trial for assault resulting in serious bodily injury, in violation of 18 U.S.C. Secs. 113(f), 1153 (1994). Brady contends that the district court erred by failing to address the propriety of a downward departure. We deny the government's motion to file its brief late. We dismiss for lack of jurisdiction.
 
 
 3
 If the sentencing court is aware of its authority to depart downward, we lack jurisdiction to review a district court's discretionary decision not to depart from the Guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992); see also United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993) (district court's refusal to depart downward reviewable only when court indicates that it lacks authority to depart).
 
 
 4
 Here, Brady filed objections to the presentence report and a written memorandum before sentencing, contending that a downward departure was warranted based upon the overrepresentation of his criminal history, because Brady's emotional and mental problems were not adequately treated in the past. At sentencing, the district court heard the arguments on this issue from both parties. The district court fixed the Guideline range at 100 to 125 months, and stated its reasons for imposing a sentence of 120 months, the statutory maximum. Although it did not address the downward departure issue explicitly, the district court stated,
 
 
 5
 I admit that you do have some psychological and emotional problems. But you have not addressed those in the past. Certainly there has been an effort by the court, by correctional institutions, and others to get you to treat these problems, and you haven't done it. You are going to have to do it in the future.
 
 
 6
 Brady faults the district court for failing to address specifically the downward departure, but neither the Guidelines nor case law require that the court give any reason for denying a downward departure. See United States v. Eaton, 31 F.3d 789, 793-94 (9th Cir.1994) (failure to depart without comment on authority not reviewable where district court's remarks indicate exercise of discretion); United States v. Reyes-Alvarado, 963 F.2d 1184, 1189-90 (9th Cir.) (same), cert. denied, 113 S.Ct. 258 (1992); United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (1991) (per curiam) (court's silence with respect to refusal to depart not reviewable); see also United States v. Hanna, 49 F.3d 572, 576 n. 9 (9th Cir.1995) (Guidelines do not require that district court state reasons for denying downward departure). Contrary to Brady's claim, the district court did not leave the propriety of a downward departure unresolved; by sentencing him within the applicable Guideline range, the court implicitly found a downward departure inapplicable.
 
 
 7
 The district court entertained Brady's briefs and oral argument, noted the lack of treatment for the psychological and emotional problems on which Brady requested a downward departure, and imposed the maximum possible sentence, all of which indicate that the court exercised its discretion. See Robinson, 958 F.2d at 272; (refusal to depart discretionary when district court entertains briefs and oral arguments and refuses to depart); United States v. Koenig, 952 F.2d 267, 273-74 (9th Cir.1991) (district court's comments reflect that it based sentence on facts and culpability, not because it lacked authority to depart); United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990) (imposition of sentence above minimum required under Guidelines indicates district court exercised discretion), cert. denied, 499 U.S. 978 (1991). Because the denial of the downward departure was an exercise of the district court's discretion, we lack jurisdiction over this appeal. See Morales, 972 F.2d at 1011; Robinson, 958 F.2d at 272.
 
 
 8
 DISMISSED.