61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Steven BOND, Defendant-Appellant.
 No. 94-50218.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided July 17, 1995.
 
 Appeal from the United States District Court for the Central District of California, No. CR-93-00847-JGD-1; John G. Davies, District Judge, Presiding.
 C.D.Cal., 1995.
 DISMISSED IN PART, AFFIRMED IN PART.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Steven Bond appeals his 120-month sentence imposed following entry of a guilty plea to robbery of four banks in violation of 18 U.S.C. Sec. 2113(a).
 
 
 3
 Counsel for Bond filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified no issues for review. Bond submitted a pro se supplemental brief contending the district court (1) improperly failed to award him a further downward departure for extraordinary acceptance of responsibility; (2) incorrectly found him to be a career offender; and (3) applied the wrong base offense level. We have jurisdiction under 28 U.S.C. Sec. 1291. We grant counsel's motion to withdraw, affirm the district court's judgment in part, and dismiss the appeal in part.
 
 
 4
 First, we lack jurisdiction to review a district court's discretionary refusal to depart downward from a prescribed guideline range unless (a) the district court incorrectly determined there was no legal basis to depart, and (b) the district court indicated that it would otherwise have departed. United States v. Brown, 985 F.2d 478, 480 (9th Cir. 1993). Here, at the sentencing hearing the district court adjusted Bond's sentence downward three levels based on his guilty plea and prompt confession. Although Bond contends that the district court erred in concluding that it was precluded by the adjustment provided in the Guidelines from granting a downward departure on the ground of extraordinary acceptance of responsibility, our review of the record indicates that the district court's decision not to depart was based on the facts of Bond's case, rather than on a mistaken belief that it lacked the authority to depart. The district court here clearly stated its belief that the additional one level reduction for acceptance of responsibility provided by Sec. 3E1.1(b) adequately covered Bond's situation, and thus we lack jurisdiction to review the court's refusal to depart downward. Brown, 985 F.2d at 480.
 
 
 5
 Second, Bond's contention that he is not a career offender because his 1985 and 1987 convictions for first degree burglary of residences belonging to his relatives are not "crime of violence" within the meaning of U.S.S.G. Sec. 4B1.2(1) is foreclosed by this court's opinion in United States v. Becker, 919 F.2d 568, 571-71 (9th Cir. 1990)("Residential burglaries are treated as crimes of violence"), cert. denied, 499 U.S. 911 (1991).
 
 
 6
 Finally, this court previously has rejected Bond's argument that the district court applied the wrong base offense level and that his sentence is illegal because it exceeded the twelve-year statutory maximum for Class C felonies in 18 U.S.C. Sec. 3581. See United States v. Schiffbauer, 956 F.2d 201, 202-03 (9th Cir.) ("section 3581(b) is inapplicable to the existing bank robbery offense"); cert. denied, 113 S. Ct. 274 (1992).
 
 
 7
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. Accordingly, the counsel's motion to withdraw is GRANTED and the appeal is DISMISSED in part and AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3