96 F.3d 1452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lucy Busisiwe TSHABALALA, Defendant-Appellant.
 No. 95-50171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1996.
Decided Sep. 06, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, Lucy Tshabalala, was caught at the Los Angeles Airport carrying approximately 1.2 kilograms of heroin. She pled guilty to one count of possession of heroin with the intent to distribute. The district judge sentenced her under the Sentencing Guidelines to 70 months imprisonment.[1]
 
 
 3
 She appeals, contending that the district judge erred by: 1) not giving her a four-point downward departure for minimal participation, 2) not addressing her request for a downward departure under United States v. Cook, 938 F.2d 149 (9th Cir.1991), and 3) determining that he lacked discretion to depart downward on the basis of aberrant behavior because she was only 18-years old. We find no merit in her first two contentions. As to the third, we have jurisdiction to consider whether a district judge may categorically decline to grant downward departures for aberrant behavior to defendants on the basis of their youth. We conclude that he may not.
 
 
 4
 We therefore vacate the sentence and remand for the district court to consider whether to exercise his discretion to depart on the ground of aberrant behavior. Because the parties are aware of the appellant's tragic background and the other facts of this case, we do not set them forth here.
 
 
 5
 I. Did the court err in denying Tshabalala a four point downward adjustment for being a "minimal" participant under U.S.S.G. § 3B1.2?
 
 
 6
 The district court granted a downward adjustment of two points to Tshabalala's offense level on the ground that she was a minor participant. She contends that the district court erred in not reducing her base offense level two more points for being a minimal participant. We disagree.
 
 
 7
 During the hearing, the district court made an adequate finding that Tshabalala was not a minimal participant under the lenient standard set forth in United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989). That determination is supported by the record because possession of a substantial amount of drugs is a legitimate basis for denying a downward adjustment for minimal participation. See, e.g., United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 8
 II. Did the district court err in failing to address Tshabalala's request for a downward departure pursuant to United States v. Cook, 938 F.2d 149 (9th Cir.1991).
 
 
 9
 At sentencing, appellant's counsel asked the district court the district court for a downward departure pursuant to United States v. Cook, 938 F.2d at 152, which stated that "a unique combination of factors may constitute" grounds for a downward departure. Tshabalala argues that we should remand because it is not clear from the record whether the district court exercised its discretion not to depart on this basis. We disagree.
 
 
 10
 We find nothing in the record to indicate that the district judge did not know the law, or was unaware of his ability to depart. We therefore assume that he exercised his discretion not to depart given the facts of this case. See, e.g., United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (9th Cir.1991). We lack jurisdiction to review such a discretionary decision not to depart downward. United States v. Morales, 898 F.2d 99, 101-03 (9th Cir.1990).
 
 
 11
 III. Was the district court's decision to deny a downward departure on the basis of aberrant behavior an unreviewable exercise of discretion?
 
 
 12
 Tshabalala argues that the district court's decision to deny her request for a downward departure on the basis of aberrant behavior was based on an erroneous interpretation of the guidelines. The government responds that the district judge exercised his discretion not to depart and that this court therefore lacks jurisdiction to consider the issue. We disagree.
 
 
 13
 Here, although the transcript of the sentencing hearing is somewhat ambiguous as to the actual basis for the district court's decision not to depart downward, the record supports the inference that even though the district court was aware that aberrant behavior was a recognized basis for a downward departure, its decision not to depart was based on its policy of categorically barring young offenders from receiving aberrant behavior downward departures on the basis of their youth. Under the Guidelines, if the district court refuses to depart downward on the basis of a factor, such as sex or race, that may not be considered in the determination of a sentence, that decision is reviewable. We must determine whether a categorical bar against certain downward departures for young offenders on the basis of their age is consistent with the Guidelines.
 
 
 14
 Age is "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. §§ 5H1.1 and 5H1.2 (emphasis added). The Guidelines give us some indication of the type of circumstances in which age may be relevant. Age may be considered, for example, when a defendant is "elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration" § 5H1.1. In the case of departures for aberrant behavior, we conclude that a categorical ban that renders all youthful offenders ineligible constitutes an abuse of discretion. See Koon v. United States, 94-1664, 1996 WL 31580, at * 10 (June 13, 1996, U.S.). Such a categorical rule results in a refusal to exercise discretion with respect to a substantial category of criminal offenders on the basis of a factor that the guidelines deem ordinarily not relevant.
 
 
 15
 The group of eighteen and nineteen year-old offenders is simply too heterogeneous to be subject to a categorical rule of the type imposed here. An eighteen year-old offender may be an Eagle Scout, or a model Olympic athlete, may have exhibited a serious dedication to volunteer work, have an extraordinary school, work, or military record and engaged in all sorts of conduct that would indicate that a single criminal act was, under the circumstances, aberrant conduct. Moreover, there is no basis for concluding that if young offenders were eligible for aberrant behavior departures then "[e]verybody gets one shot at it if you're eighteen or nineteen." In fact, in many instances a judge has abundant evidence from which he can determine that an eighteen or nineteen year-old's criminal act was not an aberrant one. In 1994, almost 20% of persons arrested in cities were younger than eighteen. Similarly, almost 20% of the nation's murderers in 1994 were nineteen or younger. About 8% of arrests for illegal possession of weapons were of people under fifteen. U.S. Dep't. of Justice, Uniform Crime Reports: Crime in the United States, 1994, 16, 242. As a result, many eighteen or nineteen year-olds who are being sentenced today have substantial criminal records, be they juvenile or adult. While it may not always be obvious whether a criminal act by a particular eighteen year-old was aberrant or part of an already established pattern of lawless behavior, that is also true in the case of some fifty year-olds. There is simply no basis in the record or in any of the Guideline materials for concluding that a district judge would be unable to exercise his discretion effectively with respect to downward departures for eighteen or nineteen year-olds. Accordingly, we hold that a district court may not under the guidelines adopt a categorical bar against aberrant behavior departures for young offenders. Such a rule constitutes an arbitrary refusal to exercise, one way or the other, the discretion the court is required to exercise under the Guidelines.
 
 
 16
 We do not decide "whether the record contains sufficient evidence to support departure on [the] particular ground asserted." United States v. Brown, 985 F.2d 478, 483 (9th Cir.1993). That matter is for the district court to decide on remand.
 
 
 17
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 18
 KOZINSKI, Circuit Judge, dissenting in part.
 
 
 19
 1. If there be any clear rule governing sentencing appeals under the Guidelines, it's that a district court's discretionary refusal to grant a downward departure is not reviewable. United States v. Lam, 20 F.3d 999, 1001 (9th Cir.1994). A decision not to depart is reviewable only if the district court believed the departure was prohibited by law. Id.
 
 
 20
 The first question, then, is whether the district judge thought he had the authority to grant Tshabalala an aberrant conduct departure. We need not speculate on this because the district judge told us: "If your question to me was addressed to whether I thought I had the power to [depart downward], of course I know I have the power. It was an entirely discretionary call based on a long history of my knowledge of this case." ER at 49. The district judge knew he could depart but exercised his discretion not to. How and why he exercised his discretion--the matters that so trouble my colleagues--are simply beyond our reach.
 
 
 21
 2. Even if the district court's refusal to depart were reviewable, we would have no ground to reverse here. Although the majority characterizes the district court's decision as "based on its policy of categorically barring young offenders from receiving aberrant behavior downward departures on the basis of their youth," Memorandum at 4 (emphasis omitted), there is no evidence that Judge Gadbois erected such a bar; nowhere does he say he would never grant an aberrant conduct departure to a young defendant, even one who is "an Eagle Scout, or a model Olympic athlete." Id. at 5. All we know for sure is that his decision here was based on "a long history of [his] knowledge of this case." ER at 49. No consideration could be more appropriate or legitimate.
 
 
 22
 3. Had the district judge based his decision on a policy of refusing aberrant behavior departures to youthful offenders, it would have been his prerogative to do so. One legitimate way to exercise discretion is to draw on one's experience in concluding that particular circumstances will invariably lead to particular results. Channeling one's choices in light of life's lessons is called wisdom, and that's how most of our decisions are made. For example, having once eaten liver, I needn't taste it again and again to decide I'd rather have beef or fish or just about anything else for dinner. Of course, nothing precludes me from ordering liver anytime I go into a restaurant, but experience has taught me that I can best exercise my discretion about what to order for dinner by skipping all the liver dishes and focusing my attention on the rest of the menu. Similarly, district judges are free to rely on their experience in developing rules of thumb as to how they will exercise their sentencing discretion.
 
 
 23
 That the factor the district judge relies on happens to be age does not make his decision unlawful. Age may be considered in sentencing "to the extent that [it has] relevance" to each individual case. 28 U.S.C. § 994(d). For example, a district judge surely is entitled to give an 80-year-old defendant a downward departure if he concludes that someone that age does not pose a grave enough threat to warrant lengthy incarceration. And if he comes to the same conclusion in case after case, he is entitled to adopt a rule of thumb that he will grant departures to defendants that age in all cases. Similarly, to the extent Judge Gadbois believes that "aberrant conduct talks about the continuum of one's life," and should only be available to those who have demonstrated that they are responsible and "law-abiding" for some period of their adult life, ER at 47, he is free to act on his understanding. Unlike a rule that invidiously discriminates against defendants of a particular age (e.g., "I distrust young people so no one under the age of 25 gets a departure"), Judge Gadbois's rule takes age into account to the extent necessary to determine whether a defendant's track record justifies an aberrant conduct departure. Since the Guidelines give Judge Gadbois the right to make this discretionary judgment in each individual case, he is free to use a blanket rule to guide his decisions in every case.
 
 
 24
 * * *
 
 
 25
 * * *
 
 
 26
 In the end, this is much ado about nothing. Just as forcing me to read a description of "Braised Liver in Strained Snail Reduction with Brussels Sprout and Beet Puree" won't cause me to change my entree selection, so I doubt that forcing Judge Gadbois to reconsider defendant's situation will cause him to set aside decades of judicial and life experience. It's a futile act that creates needless work and gives defendant false hope. I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district judge determined that Tshabalala qualified for the "safety valve" provision, 18 U.S.C. § 3553(f), and thus was not subject to a statutory mandatory minimum sentence