**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Travis HAWK, Defendant—Appellant.**

No. 02–30139.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 10, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON,** District Judge.

MEMORANDUM ***

Travis Hawk appeals his twenty-seven month sentence that the district court imposed following his guilty plea to two counts of possession with intent to distribute methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence and remand for resentencing.

"We have jurisdiction to review a sentencing court's refusal to depart downward as long as the refusal rested on the court's conclusion that it possessed no discretion, and not on the belief that exercise of its discretion was unwarranted." *United States v. Cantu*, 12 F.3d 1506, 1510 (9th Cir.1993). When "the record supports an inference that the sentencing court's refusal to depart rested on the court's conviction that it lacked the discretion to do so, we will treat the refusal as a product of the court's interpretation of the guidelines, subject to appellate review." *United States v. Brown*, 985 F.2d 478, 481 (9th Cir.1993).

The district court refused to exercise its discretion to grant Hawk a downward departure because the district court thought it was "precluded from considering" this departure due to Hawk's voluntary drug use. The district court was mistaken.

"[D]rug abusers are not categorically disqualified from [the reduced mental capacity] departure. Under the plain language of the guideline, they are disqualified only if their *voluntary alcohol or drug use caused their reduced mental capacity.* If the reduced mental capacity ... causes the defendant to use alcohol or another drug, the defendant is eligible for the departure." *Cantu*, 12 F.3d at 1514 (internal citations omitted). The record does not support a finding that voluntary drug use caused any reduced mental capacity Hawk may have had when he committed the charged crime. Therefore, the district court may consider departure pursuant to U.S. Sentencing Guidelines Manual § 5K2.13 (2001).

**VACATED and REMANDED.**

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.