**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramon CAPI–BARAJAS, aka Escalera–Capi; et al., Defendant—Appellant.**

No. 03–30223.

D.C. No. CR–03–02001–EFS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided July 14, 2004.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca Pennell, Yakima, WA, for Defendant–Appellant.

Before PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Ramon Capi–Barajas ("Capi–Barajas") challenges his 57–month sentence for reentering the United States after deportation. On appeal, he contends that the District Court failed to recognize its discretion to depart downward based upon a unique mitigating circumstance. He also claims that the District Court erred in sentencing him to a term greater than two years in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We do not recite the facts or procedural history of the case, except as necessary, because they are known to the parties. We have jurisdiction under 28 U.S.C. § 1291, and we remand to the District Court for resentencing consistent with this disposition.

We lack jurisdiction to review a district court's discretionary denial of a downward departure, but we have jurisdiction over an appeal where a district court states that it has no legal authority to depart downward. *United States v. Smith*, 330 F.3d 1209, 1212 (9th Cir.2003). At sentencing, Capi–Barajas asked for a downward departure on the ground that the administrative removal process did not adequately inform him of the consequences of returning to the United States after a removal order. This basis for departure is not specified in the U.S. Sentencing Guidelines, but could fall within 18 U.S.C. § 3553(b), which permits departure based on a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

The record in this case is ambiguous as to whether the District Court wished to depart downward but believed it had no legal authority to do so, or whether it made a discretionary decision not to exercise that authority. The strongest evidence that the court did not know it had the authority to depart is its statement that, "There's no basis for this court to depart though 57 months is *beyond what it seems in justice should be imposed*." (emphasis added). The court further remarked that, as a matter of due process, an individual subject to deportation should be informed of the consequences of returning.

Alternatively, the court's statement that there was no "basis" to depart could be interpreted as indicating that the court found no *factual* circumstances that would justify a departure. In addition, the trial judge's statement that "the court does not consider *Mendoza* applicable in these circumstances" suggests that the judge had at least some understanding of the principle, confirmed in *United States v. Mendoza*, 121 F.3d 510 (9th Cir.1997), that a district court has legal authority to depart downward on the basis of a factor not enumerated in the Guidelines.

"[A] court's silence regarding whether it had authority to depart is not sufficient indication that it believed that it lacked discretion to depart." *United States v. Brown*, 985 F.2d 478, 480 (9th Cir.1993). But where the District Court gives some affirmative indication that it believes it lacks the discretion to depart, even where the record is ambiguous, this Court may vacate the sentence and remand for resentencing. *See id.* at 481; *see also United States v. Russell*, 870 F.2d 18, 20–21 (1st

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.1989) (requesting clarification from the sentencing court as to the basis for its decision in spite of the plausibility of the government's interpretation that the sentencing court simply declined to exercise its discretion).

Because the record here is ambiguous, we remand to the District Court. If on remand the court finds that it recognized its discretion to depart but chose not to apply it, then it should issue an order confirming the original sentence. If the court was not originally aware of its discretion, then it should resentence Capi–Barajas as it deems appropriate.[1]

We need not consider the appellant's *Apprendi* claim because Capi–Barajas concedes that his interpretation of that case has been foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000).

REMANDED.

---

1. We do not make an independent determination of whether a downward departure is justified on the basis urged by Capi–Barajas. *See Mendoza,* 121 F.3d at 515 ("[W]e decline

to exercise the discretion for the district court, or ... define in advance what might constitute an abuse of that discretion.").