
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 15-30165 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00232-JLR(1) |
| v. | |
| DAVID SCHULTZ, II, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington,
James L Robart, District Judge, Presiding

Argued and submitted August 29, 2016
Seattle, Washington

Before: MCKEOWN , HAWKINS, CIRCUIT JUDGES, and EZRA,** District
Judge.

David Schultz appeals his 108-month sentence of imprisonment. He raises

three issues on appeal: (1) whether the district court erred in finding that he was a

supervisor and applying a two-level enhancement Sentencing Guideline; (2)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable David Alan Ezra, Senior United States District Judge
for the District of Hawaii, sitting by designation.

whether the district court erred in considering at sentencing a state criminal conviction that occurred subsequent to the instant offense; and (3) whether his sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Because the parties are familiar with the facts of the case, we do not recite them except to the extent necessary to aid in understanding this deposition.

## I. The Supervisor Enhancement

A finding that a defendant was an organizer, leader, or supervisor is a factual finding reviewed for clear error. *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008). A finding of fact is clearly erroneous "if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012) (quoting *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011)).

The Guidelines apply a two-level enhancement to the base offense level "[i]f the defendant was an organizer, leader, manager, or supervisor" in the offense of conviction. USSG § 3B1.1(c). "A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement." *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000).

Here, the district court applied the § 3B1.1(c) enhancement because it found that Schultz "was the instructor, the teacher, and the supervisor" of the hash oil manufacturing process. There is sufficient evidence in the record to conclude that the district court did not commit clear error in finding Schultz to be a supervisor. Schultz conceded that he was teaching Kaplan and Strycharske how to manufacture hash oil; in so doing, Schultz implicitly admits that he exercised control over them, at least during the periods of instruction. Accordingly, the district court did not clearly err in finding that Schultz was a supervisor.

II. Consideration of Schultz's California Conviction

    (A) The USSG §§ 5G1.3 and 5K2.23 Motion

Where an appellant argues that a district court committed a procedural error for failure to adequately address all arguments offered to the court, but did not object to this at sentencing, the standard of review is for plain error. *United States v. Rangel*, 697 F.3d 795, 805 (9th Cir. 2012). "Plain error is (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Blinkinsop*, 606 F.3d 1110, 1114 n.2 (9th Cir. 2010) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Schultz contends that the district court erred by not addressing his motion

for a downward departure pursuant to USSG §§ 5G1.3 and 5K2.23, based on the time he had served in California for his state conviction. Section 5G1.3 only requires a downward adjustment where a defendant is serving an undischarged term of imprisonment for an offense constituting "relevant conduct" to the instant offense. Here, there is no evidence that Schultz's California conviction constituted "relevant conduct" to his federal offenses as defined by the Guidelines. Accordingly, Schultz's motion for a downward departure pursuant §5G1.3(b) was frivolous. Likewise, Schultz's § 5K2.23 argument is frivolous because it is only applicable where "§ 5G1.3 . . . would have provided an adjustment." Accordingly, the district court did not plainly err in failing to specifically address this frivolous argument.

(B) Consideration of State Conviction During § 3553(a) Analysis

Schultz argues that the district court improperly considered his California conviction as an aggravating factor under § 3553(a), because he also received two criminal history points for that conviction.

"The district court may consider 'without limitation, *any information* concerning the background, character and conduct of the defendant, unless otherwise prohibited [by the Guidelines or other law].'" *United States v. Boykin*, 785 F.3d 1352, 1363 (9th Cir. 2015) (quoting *United States v. Brown*, 985 F.2d

478, 481 (9th Cir. 1993)) (emphasis in original) (alterations in original). The district court commented during its § 3553(a) analysis that Schultz's criminal history score did not adequately reflect the fact that Schultz re-engaged in the exact conduct that caused the explosion only nine months after that tragic event. *Any conduct resulting in a sentence of imprisonment for more than sixty days would have caused Shultz to receive two criminal history points. See* USSG § 4A1.1. It was not an abuse of discretion for the district court to vary upward as a result of the California conviction because the temporal proximity between the two episodes demonstrated Schultz's lack of respect for the rule of law and his threat to the public's safety. *See United States v. Reyes*, 764 F.3d 1184, 1198–99 (9th Cir. 2014).

III. Substantive Reasonableness of the Sentence

Lastly, Schultz challenges the substantive reasonableness of his sentence. We review "the substantive reasonableness of a criminal sentence under what the Supreme Court has described as 'the familiar abuse-of-discretion standard of review.'" *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16

(9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)).  "In determining substantive unreasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (citing *Gall*, 552 U.S. at 51)) (en banc).

Schultz's calculated offense level resulted in a Guidelines range between 33 to 41 months.  The district court departed upward and sentenced Schultz to 108 months, or nine years, imprisonment.  This 67-month upward departure from the high end of the Guidelines' range was reasonable given the totality of the circumstances.  The district court gave detailed and adequate reasons based on the § 3553(a) factors which were supported by the record.  The ultimate sentence remained within the statutory maximum, and the district court did not abuse its discretion.

**AFFIRMED.**