103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Earl SMITH, Defendant-Appellant.
 No. 96-50028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Overview
 
 2
 James Earl Smith appeals his sentence under the Sentencing Guidelines for his guilty plea conviction for unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Smith contends that the district court erred in refusing to depart downward for extraordinary acceptance of responsibility. Because we lack jurisdiction to review that discretionary determination of the district court, we dismiss the appeal.
 
 Factual and Procedural Background
 
 3
 Smith and four accomplices robbed a bank in Upland, California on April 15, 1993. On June 11, 1993, Smith and his four codefendants pleaded guilty to one count of unarmed bank robbery pursuant to identical plea agreements. Smith later appealed his conviction, arguing that he was not adequately informed of the nature of the charges against him at the time of his guilty plea. This court vacated Smith's plea and conviction, and remanded for entry of a new plea. See United States v. Smith, 60 F.3d 595, 600 (9th Cir.1995). On October 23, 1995, the same date that the mandate was filed and spread in the district court, Smith pleaded guilty for the second time under the original plea agreement.
 
 
 4
 On December 11, 1995, the district court held a sentencing hearing. The Presentence Report recommended an offense level of twenty, including a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), and a criminal history category of VI. This resulted in a Guideline sentence of seventy to eighty-seven months and a two to three year term of supervised release.
 
 
 5
 Smith requested an additional downward departure for extraordinary acceptance of responsibility. The district court refused to depart downward further than the initial 3-level departure. The district court sentenced Smith to eighty-seven months in prison, three years of supervised release, and a $50 special assessment, which is the same sentence that he was given under his original guilty plea. Smith timely appeals.
 
 Analysis
 
 6
 Smith argues that he demonstrated extraordinary acceptance of responsibility by entering his second guilty plea on the very day that the mandate from this court was filed and spread in the district court. Smith claims that the district court therefore should have departed downward one additional level as authorized by U.S.S.G. § 5K2.0.
 
 
 7
 We lack jurisdiction over this appeal. This court has consistently held that "a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990); see also, e.g., United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 125 (1995); United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994); United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993); United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). This court has indicated that a district court's refusal to depart downward for extraordinary acceptance of responsibility is a discretionary decision that is unreviewable. See, e.g., United States v. Martinez-Cano, 6 F.3d 1400, 1403-04 n. 1 (9th Cir.1993) ("Martinez-Cano also attempts to appeal from the district court's discretionary refusal to depart downward for what Martinez calls his extraordinary acceptance of responsibility. We have no jurisdiction to review that discretionary decision.") (citation omitted).
 
 
 8
 A district court's decision not to depart downward may, however, be reviewed on appeal where the refusal to depart resulted from a legal determination by the court that the guidelines prevented such a departure. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 506 U.S. 882 (1992); see also Pinto, 48 F.3d at 389; Brown, 985 F.2d at 480. The silence of the court regarding its ability to depart is not an indication that the court felt departure was precluded. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (stating that "silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart").
 
 
 9
 Here, the district court did not indicate a belief that it did not have the ability to depart downward. On the contrary, the statements made by the court indicate that the court was cognizant of its option to depart further downward, yet chose not to exercise that option. During the second guilty plea proceeding, the court was asked, "Your Honor, did the Court mention that the sentencing is controlled by the guidelines and that the Court has the ability to depart?" The court answered, "Yes." Moreover, regarding Smith's request for additional departure for extraordinary acceptance of responsibility at the second sentencing hearing, the court stated:
 
 
 10
 As to extraordinary acceptance of responsibility, the Court has reduced the base offense level by three levels already based on the defendant's acceptance of responsibility. The Court declines to find the defendant has carried his burden of persuasion to reduce the offense level by one additional level because of extraordinary acceptance of responsibility. The defendant pleaded guilty to bank robbery when the other four codefendants also pled guilty. There are no exceptional circumstances shown.
 
 
 11
 These statements indicate that the district court based its decision upon the facts of the case, rather than on an erroneous belief that it was precluded from departing downward.[1]
 
 
 12
 Because the district court did not indicate a belief that it was precluded as a matter of law from departing downward, its decision is considered discretionary, and hence is not reviewable by this court. See Pinto, 48 F.3d at 389.
 
 Conclusion
 
 13
 The appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Also, the district court imposed the maximum sentence under the guideline range. If the judge had desired to depart downward but believed that the guidelines precluded her from doing so, it is unlikely that she would have sentenced Smith to the maximum sentence under the guideline range. See Sanchez, 914 F.2d at 1363